MARTHA E. NEWELL, Respondent, v. ANDREW S. WHEELER, Appellant.

Where lands are taken under a statute authority in derogation of common-law right, every requisite of the statute having a semblance of benefit to the owner must be complied with.

Under the provisions of the "Act to consolidate the cities of Brooklyn, Williamsburgh," etc., passed in 1854 (chap. 384, Laws of 1854), an assessment for flagging sidewalks must be made against the owner of the premises benefited, unless the land be occupied by another, in which case it may be assessed to the occupant.    If assessed to one who is neither owner nor occupant, the assessment is illegal, and a sale of the premises under it void.

The provision of section 10, title 5 of said act, which provides that before issuing a warrant the assessment shall be examined and certified as correct by the street commissioner and attorney and counsel of the city, which certificate shall be conclusive evidence of the regularity of the proceedings, is only intended to cover the formal proceedings. These officers are not required to go back of the papers and records to ascertain if the persons named are in fact the owners or occupants, and their certificate is not conclusive upon this point.

An action to cancel and annul a certificate of sale upon a void assessment is maintainable, when the defect does not appear upon the face of the proceedings.

A defendant who claims under such a certificate and litigates the case cannot complain if the court, in the exercise of its discretion, impose upon him the costs.

(Argued January 5, 1872 ; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment of the City Court of Brooklyn, in favor of plaintiff.

This action was commenced to declare void and to vacate the lien of a sale and certificate of sale of a lot of land in the city of Brooklyn for the non-payment of an assessment for flagging a sidewalk in front of said lot.

Proceedings to lay the assessment commenced July 23, 1860, and the assessment was confirmed April 8, 1861. The assessment remaining unpaid, the lot was sold to the defendant for non-payment thereof, June 4, 1863.

Gilbert R. Terrett, a former owner of the lot, was named in the assessment roll as owner, when in fact Martha E. Newell, the plaintiff, was the owner. She purchased the lot of Seth B. Cole by deed, dated July 12, 1859, and recorded July 19, 1859. Cole purchased of Terrett by deed, dated August 20, 1858, and recorded September 18, 1858.

The sale of the lot was claimed to be void solely upon the ground that the lot was not assessed for the flagging in the name of or against any person who was the owner or occupant thereof, or had some interest therein. The court rendered judgment against the defendant, declaring the sale of the lot void and of no effect, and vacating the same.

*Samuel Hand* for the appellant. To sustain this action, apparent validity and total invalidity, in fact, must be shown. If lien is to any extent valid, it is no cloud. (*Heywood* v. *City of Buffalo*, 14 N. Y., 542.) Assessing in name of previous owner in absence of notice of change of ownership is a substantial compliance with the law, and sufficient. (*Morange* v *Mix*, 44 N. Y., 315.) Plaintiff should show defendant was seeking to obtain a conveyance. (*Scott* v. *Onderdonk*, 14 N. Y., 16.) The general rule requiring land to be assessed for taxes in the name of the owner or occupant does not apply to assessments. (*Sharp* v. *Spier*, 4 Hill., 82 ; *Matter of Mayor of N. Y.*, 11 J., 77.)

*D. P. Barnard* for the respondent. An assessment for local improvements must be made in the name of the owner or occupant ; if not, a sale under it is void. (*Chapman* v. *City of Brooklyn*, 40 N. Y., 372 ; *Crooke* v. *Andrews*, 40 id., 547.)

Earl, C. The main question to be considered in this case is, whether the assessment was legal, inasmuch as it was made against Terrett, and not the plaintiff who was the owner, and the solution of this question depends upon the construction of various provisions of the "Act to consolidate the cities of Brooklyn and Williamsburgh and the town of Bushwick, into one municipal government, and to incorporate the same," passed in 1854. (Chapter 384, Laws of 1854.)

By section thirteen of title two of the act, the common council is authorized to cause sidewalks to be flagged ; but before any ordinance can be passed for that purpose, ten days' notice of the application for or the intention to pass such ordinance is required to be given to every person to be affected thereby, either personally or by publication in the corporation newspapers.

All assessments for improvements in the city, including flagging sidewalks, are made a lien upon the property assessed, and the expense of the improvements is directed to be assessed

by the assessors on the several lots or parcels of land bene-
fited in proportion to benefits received. (Title 4, §§ 21, 22,
23.) And by section thirty it is provided that "land occu-
pied by a person other than the owner may be assessed in
the name of the occupant," clearly implying that, when land
is occupied by the owner, it must be assessed to him.

A form of warrant to collect the assessments is provided for
in section eleven, title five, which directs that the warrant
shall require the collector " to collect, from the several per-
sons named in the assessment roll annexed thereto, the seve-
ral sums mentioned in the last column of such roll opposite
to their respective names." Section fifteen provides that if
any assessments remain unpaid at the expiration of one hun-
dred and twenty days, and the collector shall not be able to
collect the same, he shall deliver to the comptroller of the
city an account of the assessments so remaining due, with an
affidavit; and section twenty-three provides that the affidavit
shall state, among other things, that the sums mentioned in
the account remain unpaid, and that he has not upon diligent
inquiry been able to discover any goods or chattels belonging
to or in the possession of the persons charged with or liable
to pay such sum whereon he could levy the same, and that he
caused a written or printed notice to be served personally on
or left at the place of residence of the person charged with or
liable to pay the assessment, if a resident of the city, or, if not
a resident of the city, that he has deposited a notice in the post-
office addressed to the persons assessed; and that he has also
caused a notice to be published in the corporation newspapers,
which notice, among other things, shall contain the names of the
persons who have not paid, and the amount due from each;
and section 24, requires a further notice to be published, which
shall specify, among other things, the name of the person to
whom the assessment was made, and the name of the present
owner, when known to the collector. Section 26 provides
that if the assessment shall remain unpaid on the day specified
in the last notice, then the collector shall proceed to sell the
property on which the assessment shall have been imposed.

These are the principal provisions of the act to which it is important to call attention in order to solve the question under consideration. It will be seen that the assessments are made liens upon the real estate upon which they are imposed, and that they are also made claims against the owners of the real estate, as the collectors are directed, in the warrants given to them, to collect the assessments from them. The lien upon the real estate can only be enforced by a sale thereof, after it has been shown that the collector has not, upon diligent inquiry, been able to discover any goods or chattels whereon he could levy the assessment. It is clear that an assessment roll must be made, in which the name of the owner must be inserted as the person liable to pay the assessment, unless the land be occupied by another, in which case it may be assessed to the occupant. No assessment can be legal or valid, unless it be made against the owner or occupant, and such owner or occupant is the person named in the statute as liable to pay the assessment, to whom all notices are to be directed; and the land can be sold only after the proper steps have been taken to collect the assessment of the owner or occupant, by voluntary payment, or by levy upon personal property.

The assessment, therefore, was illegal and invalid, because it was made against Terrett, and not the plaintiff, who had, for about two years, owned the land, and had her title upon record. This conclusion is reached by giving to the provisions of the statute their plain and obvious meaning, and is strengthened by the well-known rule that when lands are taken under a statute authority, in derogation of the common law, every requirement of the statute, having a semblance of benefit to the owner, must be strictly complied with. (*Sharp,* v. *Speir,* 4 Hill, 76; *Sharp* v. *Johnson,* 4 id., 92.)

The case of *Chapman* v. *City of Brooklyn* (40 N. Y., 372) is an authority sustaining the conclusion I have reached. It is true that the assessment in that case was made under the law of 1850. (Laws of 1850, chapter 144.) But that law, like the law of 1854, made the assessment a lien upon the land assessed, but provided for its collection, first, against the

person liable to pay; and the land could not be sold until the other proceedings authorized to collect the assessment of the person assessed had failed to produce payment, and the assessment and sale in that case were held void, because the assessment was not made against the owner of the lots sold.

By section ten, title five, of the act of 1854, it is provided that no warrant for the collection of any assessment shall be issued by the common council, until all the proceedings had in levying the assessment shall have been examined and certified as correct by the street commissioner and the attorney and counsel of the city, which certificate shall be entered upon or annexed to the assessment roll, and shall be conclusive evidence as to the regularity of the proceedings. The defendant claims, therefore, that the regularity of the proceedings could not be brought in question in this action, and that the question above discussed cannot be raised to invalidate the sale.

The law of 1850, which was under consideration in the case of *Chapman* v. *City of Brooklyn*, had precisely such a provision in section ten, title five, of that act, and yet the certificate was not held conclusive in that case. The certificate does not reach the defect here complained of. It was only intended to cover the formal proceedings. The officers named were to examine to see if all the necessary steps had been taken, and whether the proper records and other formal proceedings were regular. But I do not think, according to the spirit and letter of the law, they were expected to go back of all the papers and records and ascertain whether the persons named as owners in the assessments were in fact the owners. Hence I am of opinion that the certificate was not conclusive as to the defect here complained of.

I entertain no doubt that this action upon the facts appearing is maintainable to cancel and annul the certificate of sale as a cloud upon plaintiff's title to her land. (*Crooke* v. *Andrews*, 40 N. Y., 547.) It does not appear upon the face of these proceedings that the assessment and sale were void. To avoid the sale, it might be necessary for plaintiff

to show, by evidence, not contained in the assessment proceedings, that Terrett, against whom the assessment was made, was not at the time either the owner or the occupant of the land ; and hence this is, within the well established rule, a case where a court of equity will intervene to remove or set aside the sale and certificate as a cloud upon title.

There was no error, as to costs, which calls for or authorizes an interference. If the defendant claimed nothing by virtue of his certificate, he should not have defended the action and subjected the plaintiff to costs. Having litigated the case through all the courts to the Court of Appeals, he cannot well complain if the court, in the exercise of its undisputed discretion, imposes the costs upon him.

I have thus considered all the grounds upon which the defendant has asked us to reverse this judgment which I deem important, and reach the conclusion that it must be affirmed, with costs.

All concur ; LOTT, Ch. C., not sitting.

Judgment affirmed.