# NEW YORK SUPRÉME COURT.

THE CONGREGATION SHAARAI TEPHILA agt. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK and JOHN PETERKIN.

*Church buildings exempt from taxation — relief in equity from tax — extrinsic facts.*

Certain lands of the plaintiff with the buildings thereon, were, by statute, exempt from taxation, the same being used exclusively for public worship,

*Held*, that the plaintiff could maintain an action in equity to set aside a tax imposed thereon, and a sale made for its non-payment, no deed having been executed to the purchaser, the invalidity of the tax not appearing on the face of the assessment, but required to be established by extrinsic facts.

*Special Term, December,* 1874.

VAN VORST, *J.* — The plaintiff is a religious society duly incorporated under the laws of the state of New York, and is the owner in fee of certain premises situated in the city of New York. The plaintiff purchased the land in question in December, 1866, for the purpose of erecting thereon a building for public worship.

In the year 1867 the erection of the building was commenced and was continued, without intermission, until its completion in 1868. The building erected on the land in question has always been exclusively used for public worship, and is, exclusively with the land, the property of the plaintiff.

In the year 1868 the defendants The Mayor, Aldermen and Commonalty of the City of New York levied and assessed upon the premises a tax for that year, amounting to the sum of $478.80.

On the 23d day of December, 1871, the premises were sold at public auction by the defendants The Mayor, Aldermen and Commonalty of the City of New York for non-payment of the tax. At the sale the premises were purchased by the defendant Peterkin for the sum of $673, and certificates of such sale were delivered to Peterkin and a memorandum thereof was filed in the bureau of arrears, in the department of finance of the city and county of New York, and entered in a book kept by the clerk, where notes and certificates of sales of land for taxes are entered.

By virtue of the certificates the defendant Peterkin claims that he is entitled to receive from The Mayor, Aldermen and Commonalty of the City of New York a lease, or leases, of the premises for the period mentioned in the certificates, 1,000 years, but no lease has yet been executed to him.

Peterkin has been requested by the plaintiff to cancel the certificates or release his rights thereunder, but has refused so to do.

The plaintiff was ignorant of the fact that any assessment for taxes for the year 1868 had been levied on the property, and was also ignorant of the fact that the premises had been sold for non-payment of said taxes until more than one year subsequent to the sale.

The plaintiff has applied to the comptroller of the city of New York, by petition, setting up the facts last above mentioned, and others deemed material, that said sale be vacated and set aside and the premises relieved from the tax, but the application has been denied and the defendants The Mayor, Aldermen and Commonalty of the City of New York are about to make a conveyance of the premises to Peterkin for the term of 1,000 years.. The above facts, with others, appear by the plaintiff's complaint.

The plaintiff claims that the tax under which the premises were sold was not legally made or confirmed, and that the proceedings in respect to laying and imposing the same, and the confirmation thereof, are illegal and void.

That the plaintiff was exempt, by and under the provisions of the statute of the State of New York, in such case made and provided, from the payment of taxes, and that the property was exempt from taxation.

That by reason of the execution of the certificate of sale, and of the filing and entry of a memorandum thereof in the office of the clerk of arrears, they and each of them, is presumptively a lien upon said premises. That the certificate is a cloud upon plaintiff's title, and diminishes the value of the premises.

The plaintiff demands judgment that the defendants The Mayor, Aldermen and Commonalty of the City of New York be enjoined from executing or delivering any deed, lease, or other instrument of conveyance, to the defendant Peterkin, or his assigns or legal representatives, or any other person, pursuant to the sale. And that the defendant Peterkin be enjoined and restrained from making any assignment or transfer of the certificate of sale herein mentioned.

That the said assessment for taxes, and all proceedings to collect same, be declared null and void, and be set aside.

The defendants The Mayor, Aldermen and Commonalty alone answered the complaint. The defendant Peterkin made default.

On the trial, the material facts set forth in the complaint, with others, were proven.

Upon the facts proven, the property of the plaintiff was exempt by law from the tax in question. It is provided that " every building for public worship " shall be exempt from taxation (1 *R. S.* [5th ed.], *p.* 906, *sec.* 5) ; but to be so exempt the building or premises shall be exclusively used for public worship (*Sec.* 6). The evidence shows that the premises in question were so exclusively used at the time of the imposition of the tax and the sale thereunder. But yet, as the facts which constitute the exemption of the premises in question from taxation do not appear upon the face of the record or in the proceedings, the imposition of the tax would seem regular.

Congregation Shaarai Tephila agt. Mayor, &c.

An action will lie where the tax is upon land which is liable to be sold to collect it, and when the conveyance, to be executed by the proper officer, would be conclusive evidence of the title, and the tax was not void on the face of the proceedings. Where the validity of the tax can only be impeached by extrinsic evidence, relief in equity is available (*Heywoods* agt. *The City of Buffalo*, 14 *N. Y.*, 534; *Crooke* agt. *Andrews*, 40 *id.*, 547; *Western R. R. Co.* agt. *Nolan*, 48 *id.*, 519). An action to cancel and annul a certificate of sale upon a void assessment is maintainable when the defect does not appear upon the face of the proceedings (*Mack* agt. *Wheeler*, 48 *N. Y.*, 486; *Hatch* agt. *City of Buffalo*, 38 *id.*, 276).

The certificate of sale is presumptively a lien upon the premises, and the lease, if executed by the comptroller, will be, presumptively, evidence of the regularity and validity of the assessment proceedings (*Laws of N. Y.*, 1871, *vol.* 2, *page* 743). This action is maintainable.

The remedy by *certiorari* is not adequate in the present case, nor would it seem to be proper.

That would seem to be an appropriate remedy to review erroneous assessments, not where property has been attempted to be sold in violation of law, under an assessment illegally imposed, and where the illegality does not appear in the proceedings (*National Bank of Chemung* agt. *City of Elmira*, 53 *N. Y.*, 49; see, also, the opinion of VAN BRUNT, J., in *The Hebrew Free School* agt. *The Mayor, Aldermen and Commonalty of the City of New York*, at *special term*, *supreme court, November*, 1874).

There should be judgment for plaintiff, as prayed for in the complaint.