MATILDA B. BRIGGS in equity *vs.* ELISHA JOHNSON.

Waldo. Opinion June 4, 1880.

*Bill in equity — when sustained, to remove cloud from title.*

A bill in equity will not be sustained to cancel or remove an alleged cloud upon the title when the invalidity of the agreement, deed or other instrument constituting such alleged cloud is apparent on its face. Nor when the invalidity of a tax title is involved without tender or offer to pay the tax, interest and charges if such tender or offer is required by the stat. 1874, c. 234, when the deed is void on its face.

BILL IN EQUITY.

The facts sufficiently appear in the opinion.

*Thompson & Dunton*, for the plaintiff.

The tax deed in this case is a cloud upon the complainant's title and tends to depreciate the value of her property and she is entitled to the relief prayed for. Story's Eq. Jur. 6th ed. § 700. *Piersoll* v. *Elliott*, 6 Peters, 95.

The deed is in the usual form and the invalidity does not appear on its face. It is not like the cases cited by counsel. *Lovejoy* v. *Lunt*, 48 Maine, 377 ; *French* v. *Patterson*, 61 Maine, 203.

Any deed, which, according to the rules of the common law, would be sufficient to transfer the title of the former owner, is sufficient, provided it recites the power under which it was made. Bolster's Tax Collector, 85 ; *Chandler* v. *Spear*, 22 Vt. 388 ; *Brown* v. *Hutchinson*, 11 Vt. 569 ; *Spear* v. *Ditty*, 8 Vt. 419 ; stat. 1874, c. 234 ; stat. 1879, c. 117.

Courts of equity will entertain jurisdiction to set aside an instrument void on its face. *Hays* v. *Hays*, 2 Ind. 28. See *Allen* v. *Buffalo*, 39 N. Y. 386.

*Wm. H. Fogler*, for the defendant, cited :

*Lovejoy* v. *Lunt*, 48 Maine, 377 ; *French* v. *Patterson*, 61 Maine, 203 ; 1 Story's Eq. Jur. 9th ed. § 700, A. p. 664 ; *Cox* v. *Clift*, 2 N. Y. (2 Comst.) 118 ; *Ward* v. *Dewey*, 16 N. Y. (2 Smith) 519 ; *Fleetwood* v. *City of N. Y.* 2 Sand. 475 ; *Hotchkiss* v. *Elting*, 36 Barb. 38 ; *Townsend* v. *The Mayor of N. Y.* "Reporter," November 12, 1879, p. 626 ; *Piersoll* v. *Elliott*, 6 Peters, 95 ; cases named in U. S. Dig. vol. 8, 1877, p. 145.

APPLETON, C. J. This is a bill in equity in and by which the complainant seeks to have an alleged cloud resting upon her title to certain real estate removed.

The bill alleges that the complainant was the owner of two hundred and thirty acres of land in Freedom, upon which, for the year 1876, was duly assessed a tax of $21.53; that the tax was paid on the 19th of September, 1877; that on the 28th of February, 1878, the respondent, Johnson, acting as collector of taxes for said town, after duly advertising the land for non payment of taxes, proceeded to sell the entire tract, for twenty-four dollars and seventy-five cents to discharge the tax of $21.53, and the cost and charges of sale; that on the day of said sale, he executed and acknowledged a deed of said land to the defendant Hustus; said entire tract of one hundred and thirty acres being sold to satisfy the taxes assessed thereon and charges, and that he lodged said deed and the certificate required by R. S., c. 6, § 170, with Daniel W. Dodge, treasurer of said town.

The bill further alleges that this tax deed is invalid because neither in said deed nor in the certificate of sale, does it appear that the sale of the entire tract was necessary in order to satisfy and discharge said tax and costs and charges of sale, &c.

The tax deed is annexed and made part of the complainant's bill and it is in accordance with the allegations therein. The deed purports to sell and convey certain tracts of land, in all amounting to two hundred and thirty acres, for the sum of twenty-four dollars and seventy-eight cents, to the defendant Hustus, he being the highest bidder therefor.

By R. S., c. 6, § 169, the collector is directed, whenever one appears to discharge a tax, "to sell at auction to the highest bidder, so much of such real estate or interest, as is necessary to pay the tax then due, with three dollars for advertising, and twenty-five cents for each copy required to be lodged with the town clerk." The deed utterly fails to show a compliance with the statute. It is not enough that the land was sold to the highest bidder. It must appear that it was necessary to sell the whole to pay the tax and charges, and that no person would pay the same for a less quantity of land. *Lovejoy* v. *Lunt*, 48 Maine,

377 ; *French* v. *Patterson*, 61 Maine, 203 ; *Loomis* v. *Pingree*, 43 Maine, 311.   The deed is void on its face.

The bill alleges, and truly, that the deed of the collector of taxes is void.   This fact would appear on its face when it should be offered as an instrument of defence or of offence.   Being void and not merely voidable, it is not a case where the intervention of a court of equity is required.   When the illegality of the agreement, deed or other instrument appears on its face, so that its nullity can admit of no doubt, courts of equity will not order it to be cancelled or delivered up.   Such an instrument can in no just sense be deemed a cloud upon a title.   *Cox* v. *Clift*, 2 Coms. 118.   The court will only intervene when the controverted deed or other instrument appears on its face, to be valid and extrinsic evidence is required to show its invalidity.   *Marsh* v. *The City of Brooklyn*, 59 N. Y. 280 ; *Newell* v. *Wheeler*, 48 N. Y. 486 ; *Bockes* v. *Lansing*, 74 N. Y. 437 ; 1 Story Eq. § 700. According to the principles adopted in courts of equity, the complainant is not entitled to recover.

If, by the act of 1874, c. 234, a tender is necessary in case of a deed void on its face, then this bill cannot be sustained.   The bill alleges no tender nor offer to pay the tax, interest and costs for the non payment of which the complainant's land was sold, and the deed given.   To sustain the bill, in such case, would be an evasion of the statute, if applicable.

In either event the bill must be dismissed.

*Bill dismissed.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.