BARRANT W. FELTHOUSEN, Respondent, v. THE CITY OF AMSTERDAM, Appellant.

*Assessments for local improvements — strict compliance with the statute essential — statutory requirement for assessment against owners or occupants as well as against lands.*

A statute delegating power to charge the property of individuals with the expense of local improvements must be strictly pursued, and any departure in substance from the formula prescribed by the statute vitiates the proceedings.

When the statute authorizing an assessment for a local improvement provides that the assessment shall be made against both the "owners or occupants and upon the lands deemed to be benefited," a failure to make the assessment against the owners or occupants, by omitting to name them, as well as against the land, is a jurisdictional defect which will vitiate the assessment.

APPEAL by the defendant, the City of Amsterdam, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Montgomery county on the 12th day of September, 1892, upon a decision rendered after a trial before the court without a jury at the Montgomery Circuit.

*Edward J. Maxwell*, for the appellant.

*Edward P. White*, for the respondent.

HERRICK, J.:

This is an action to set aside a special assessment upon the plaintiff's real estate levied to pay the expense of paving Market street in the city of Amsterdam.

The statute in relation to such assessments (§ 95, chap. 131, Laws of 1885), among other things, provides as follows: " If the common council shall determine to assess the whole or any part of such expense by such special assessment, the said assessors, upon being notified so to do, shall forthwith proceed to make a certificate of such special assessment, entering thereon the names of the owners or occupants of the lands assessed, and what parcels are owned by non-residents according to their best information, and the name of any corporation or association owning any of the lands. They shall make a just and equitable assessment of the amount fixed by the common council against said owners or occupants, and upon the lands deemed to be benefited."

A statute delegating power to charge the property of individuals with the expense of local improvements must be strictly pursued, and any departure in substance from the formula prescribed by the statute vitiates the proceedings. (*Newell* v. *Wheeler*, 48 N. Y. 486; *Merritt* v. *Village of Portchester*, 71 id. 309; *Stebbins et al.* v. *Kay et al.*, 123 id. 31.)

In the case before us no assessment was made against the plaintiff as owner, or against the occupants of his property (admitted to be ten in number), the property is not described as non-resident property, the name of the owner or occupant does not appear under the column headed " names," the numbers of the lots and the boundaries appear, and that is all. Under the column headed " description of property " appears the words, " stores and lots."

There is an entire absence of compliance with the statute in assessing these lands, either as the lands of residents or to the owner or occupant. And such non-compliance I think is fatal. (*Cromwell* v. *MacLean*, 123 N. Y. 474–488.)

It seems to me a jurisdictional defect and not a mere irregularity which the court might disregard if it did not appear that the plaintiff had suffered substantial injury thereby.

The case of *Haight* v. *Mayor* (99 N. Y. 280) is not in point. It turned upon a special statute which, among other things, provided

that "no tax or assessment shall be void in consequence of the name of the rightful owner or owners of any real estate in said city not being inserted in the assessment rolls or lists. But in such case no tax shall be collected except from the real estate so assessed." The court then said : "This provision clearly indicates that the tax is to be imposed upon the land, and that it is immaterial to its validity that the owner's name should appear upon the list except for the purpose of imposing upon him a personal liability for the tax."

In this case the statute just as clearly provides that the assessment shall be made against both the owners or occupants and the lands; it says: "They shall make a just and equitable assessment of the amount fixed by the common council against said owners or occupants, and upon the lands deemed to be benefited."

This we have seen has not been done; the provisions of the statute have not been complied with, and as to the plaintiff's property the assessment should be vacated.

The judgment of the court below vacating the assessment should be affirmed, with costs.

PUTNAM, J., concurred.

Judgment vacating assessment affirmed, with costs.