# City of Ensley *v.* McWilliams.

*Bill to Enjoin City from Selling Lands for Taxes.*

(DECIDED MAY 17, 1906, 41 So. REP. 296.)

1. *Quieting Title; Pleading; Complaint Within Statute.*—A bill which alleges that on account of the unconstitutionality of an act extending the corporate limits of the city the complainant's land was not within the city limits; but the city had

instituted proceedings to sell the land for taxes; that such proceedings would work an injury for which there was no legal remedy; that a tax deed issued by the city would be *prima facie* evidence of title and a cloud on complainant's title, in the absence of extrinsic facts to show the invalidity of the proceedings, is insufficient under chapter 16, Art. 3, Code 1896, as a bill to quiet title or remove a cloud therefrom.

2. *Injunction; Proceedings Restrainable; Collection of Taxes.*—Unless there are special circumstances bringing it within some recognized head of equity jurisprudence, injunction will not lie to restrain collection of taxes.

3 . *Same.*—Proceedings by a city to enforce taxes and to sell land for same, alleged to be void on account of unconstitutional act, will not put a cloud upon title, so as to authorize restraint of such proceeding by injunction.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

This was a bill filed by McWilliams seeking to enjoin the city of Ensley from selling or attempting to sell certain lands belonging to complainant, which is alleged to be within the corporate limits of the city as defined and extended by the act of the Legislature of 1903, but which act is alleged to be unconstitutional and void. The facts and pleadings are sufficiently set forth in the opinion of the court.

ROMAINE BOYD, for appellant.—Act of Feb. 1903, is very clearly constitutional.—*Ex parte Cowart*, 92 Ala. 94. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity.— Cooley's Const. Lim. 6th Ed. 218; *State ex rel Hanna v. Tunstall*, 40 So. Rep. 135. The construction must not be strict.—*State v. Street*, 117 Ala. 207. A statute will not be declared unconstitutional unless no doubt exists on the question.—*Mobile Dry Dock Co. v. Mobile*, 40 So. Rep. 205. The act sufficiently describes the territory limits of the city.—*Lak v. The State*, 38 So. Rep. 800; *Ex parte Black*, 144 Ala. 1; *State ex rel Hanna v. Tunstall*, 40 So. 145.

The bill is wanting in equity as a bill to remove cloud on title or to prevent irreparable injury. It failed in several necessary allegations to render it a good statutory

bill to quiet title.—*Hayer v. Calera Land Co.*, 31 So. 938; *Alder v. Sullivan*, 115 Ala. 582; *Slosson v. McNultey*, 125 Ala. 129; *Weaver v. Eaton*, 35 So. Rep. 647.

"Following a very strong array of authorities it has long been settled in this State that equity will not interfere, by injunction, with the collection of taxes, unless in addition to illegality, hardship or irregularity, the case is brought within some one or more of the recognized heads of equity jurisdiction."—STONE, C. J., in *Strenna v. Montgomery*, 86 Ala. 341, citing *Ala. Gold Life Ins. Co. v. Lott*, 54 Ala. 499; *Elyton Land Co. v. Ayres*, 62 Ala. 413; *City Council v. Sayre*, 65 Ala. 564; and long list of other cases.

"It is certainly the general rule that the collection of taxes will not be arrested by injunction.—*Town of New Decatur v. Nelson*, 102 Ala. 558 and see long list authorities cited by appellant.

This court has frequently held that the test is, "Would the owner of the property, in an action of ejectment, brought by the adverse party, founded upon the deed be required to offer evidence to defeat a recovery? If such proof would be unnecessary, no shade would be cast by the existence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court."—citing *Parker v. Boutwell*, 119 Ala. 297-302; See also *Torrent v. City of Mobile*, 101 Ala. 563; Amer. & Eng. Enc. Law, Vol. 6, p. 150.

"An action to remove a cloud on title cannot be maintained on the ground that the act under which tax was levied is unconstitutional. In such case the tax deed is void on its face and therefore not a cloud."—*Willis v. Buffalo*, 80 N. Y. 353; Amer. & Eng. Enc. Law, Vol. 1, 6, p. 161.

Acts prescribing the limits of towns and counties are public acts of which the courts will take judicial notice. —*Ross v. Redick*, 2 Ill. 73; *State v. Jackson*, 39 Me. 291.

Actual knowledge is unnecessary. The court may resort to such sources of information as it deems proper. —*Gordon v. Tweedy*, 74 Ala. 332; A. & E. Enc. Law, Vol. 17, p. 901.

In this case, the court would judicially know, from the particular descriptions given in the bill, that the lands described were outside the city limits of Ensley, and only included under the two acts herein alleged to be unconstitutional.

Neither would the sale of complainant's property constitute any irreparable injury.—See *Mayor, etc., of Birmingham v. McCormack, supra.*

JAMES E. WEBB and SHARPE & MILLER, for Appelle.— The amendment to the bill of complaint is properly allowed.—Code, section 3331 and cases cited; *Ex parte Nicrosi,* 103 Ala. 104. The decree pro confesso was properly granted against appellant.—Section 746, Code 1896 and cases cited. Appellant's motion to set aside the decree pro confesso should not have been granted.—Section 750, Code 1896 and cases cited.

Courts of equity will exercise their preventive jurisdiction and perpetually enjoin a sale of property when such a sale, if permitted to be made would operate to place a cloud on the owner's title.—*New Decatur v. Nelson,* 102 Ala. 556; *Albertville v. Rains,* 107 Ala. 691; *Martin v. Hewitt,* 44 Ala. 418; *Plant v. Barclay,* 56 Ala. 561.

The main question in this case is the validity, vel non, of the two Acts of the Legislature passed in 1903, purporting to extend the corporate limits of the city of Ensley. Both these acts are offensive to sections 105 and 106 of the Constitution and are therefore void.— *Brame v. The State,* 38 So. 1031; *Crow v. Board of Revenue,* 141 Ala. 126; *Sisk v. Cargile,* 138 Ala. 164.

The sale will certainly be enjoined and the assessment set aside as to a part of the property, because the same is outside of the city limits as fixed by previous acts and the Acts of 1903, does not purport to include said part of the property within the city limits.

DENSON, J.—The city of Ensley was incorporated as a municipal corporation by an Act of the General Assembly approved December 10, 1900, and the act amendatory thereto approved March 2, 1901.—Acts 1900-01, pp. 247, 1940. By these acts the territory of the city was defined and marked out. The Legislature at the session

of 1903 enacted two acts, approved, respectively, on the 28th day of February, 1903, and the 30th day of September, 1903. The first of these acts is entitled: "An act to amend section one of an act approved March 2, 1901, entitled 'An act to amend section one of an act entitled "An act to establish a new charter for the city of Ensley in Jefferson county, Alabama." ' "—Loc. Acts. 1903, p. 107. The title of the other is: "An act to alter or rearrange the boundaries of the city of Ensley, Jefferson county, Alabama."—Loc. Acts, 1903, p. 692. Each of these acts extended the territory of the city, and as extended brought some of the lands of the complainant in the bill in this case within the taxing jurisdiction of the city, thereby making his property subject to taxation by the city. The bill describes the complainant's land that was brought by said acts within the city's jurisdiction and alleges that "the city of Ensley levied a tax on said land for the year 1904, but complainant has never paid said taxes. On July 1, 1905, defendant, through its city tax collector, F. G. Fonville, gave notice in the Ensley Herald that the city clerk of Ensley had issued to him an execution and he had levied on complainant's property as described (in the third paragraph of the bill) for delinquent taxes and costs due the city of Ensley, Ala., for the year 1904, and in the Ensley Herald, advertised defendant's said property for sale on the 1st day of August, 1905. It is averred in the bill that the two acts of 1903 were not constitutionally enacted; the defects in this particular being particularly pointed out. In consequence of the averred unconstitutionality of the acts, it is averred in the eighth paragraph of the bill "that the corporate limits of the city of Ensley do not embrace the complainant's land; that the exercise of the authority by the city of Ensley which the said acts purport to confer is vexatious to complainant, and if not restrained will deprive him of his just rights and subject him to unjust vexation and injury which is wholly irremedial by a court of law. Complainant further avers that the proceedings instituted by the said city of Ensley to sell complainant's property for the payment of said alleged delinquent taxes

are void upon their face, and extrinsic facts are necessary to be proved to show their invalidity and illegality, and a tax deed, if issued by said city of Ensley, would be prima facie evidence of title, resulting in a cloud on complainant's title. Said instruments purporting to extend the corporate limits of the said .city of Ensley are not efficacious for this purpose, are null and void, and do not confer on said city of Ensley jurisdiction to make said. assessment or sell said lands for the payment of said taxes. If said sale is made of said property as aforesaid, there will be a cloud on complainant's title and he will suffer irreparable injury and will be without redress at law." The prayer of the bill is for an injunction "restraining the city of Ensley, its officers, agents, and employes, any and all of them, from selling or attempting to sell said property of complainant so advertised as aforesaid for taxes so assessed against complainant as aforesaid. Complainant further prays that upon a final hearing of this cause the temporay injunction shall be made perpetual, and the court will set aside and forever annul said assessment as illegal and void, and perpetually enjoin and restrain the said city of Ensley from exercising or attempting to exercise any jurisdiction or authority over the said property of complainant, or dealing with said properay as if it were in the corporate limits of the city of Ensley."

A motion to dismiss the bill for want of equity was overruled, and this constitutes one ground in the assignment of errors. "It is certainly the general rule that the collection of taxes will not be arrested by injunction. It has its reason in public policy, which cannot lend its sanction to any remedial proceeding which might clog the machinery of civil administration. In addition to illegality or irregularity in the imposition of the taxes or in the process of the collection, to borrow the language of the Mr. High, 'there must be some special circumstances attending the threatened injury to distinguish it from a mere trespass, and thus to bring the case within some recognized head of equity jurisprudence; otherwise the person aggrieved will be left to his remedy at law.' "—*Town of New Decatur v. Nelson*, 102 Ala.

556, 15 South. 275; *Ala. Gold Life Ins. Co. v. Lott,* 54 Ala. 499; *Elyton Land Co. v. Ayres,* 62 Ala. 413; *Nat. Com. Bank v. Mayor,* 62 Ala. 284, 34 Am. Rep. 15; *Mayor v. Baldwin,* 57 Ala. 61, 29 Am. Rep. 712; Cooley on Taxation, p. 760. The attempt is made in this case to show that the tax proceedings, if permitted to culminate in a sale and conveyance, would operate as a cloud on the complainant's title; and this is the recognized head of the equity jurisprudence that it is sought to rest the bill on and withdraw it from the influence of the principle stated in the preceding paragraph. It is manifest from the averments of the bill that it does not contain equity as a bill filed with respect of the sections embraced in article 13 of chapter 16 of the Code, though an intimation might be gathered from some of its averments that the draftsman had those sections in mind when framing the bill.—*Meyer v. Calera Land Co.,* 133 Ala. 554, 31 South, 938; *Parker v. Boutwell,* 119 Ala. 297, 24 South. 860; *Weaver v. Eaton,* 139 Ala. 247, 35 South. 647.

The question then arises, can the bill be maintained as an ordinary bill to remove a cloud from title? The whole theory of the bill is that the Acts of the Legislature extending the territory of the city, and under which the city claims the right to tax complainant's land, are invalid as having been enacted in violation of the Constitution; that they are unconstitutional. "A cloud upon one's title is something which constitutes an apparent incumbrance upon it, or an apparent defect in it; something that shows prima facie some right of a third party, either to the whole or some interest in it. An illegal tax may or may not constitute such a cloud. If the alleged tax has no semblance of legality, if upon the face of the proceedings it is wholly unwarranted by law, or for any reason totally void, so that any person impeaching the record and comparing it with the law is at once apprised of the illegality, the tax, it would seem, could neither constitute an incumbrance nor an apparent defect of title, and therefore in law could constitute no cloud." —Cooley on Taxation, 552. Under the facts in this case, if, as the bill alleges, the Acts of the Legislature are un-

constitutional, a sale and conveyance under the tax proceedings could not constitute a cloud upon complainant's title, because from an inspection of the conveyance, which would recite the proceedings, and of the record, it would appear that the assessment was wholly unwarranted by law and totally void. The complainant and every other person is presumed to know the law. The courts take judicial knowledge of the acts prescribing the limits of towns.

It has been frequently held that a sale of land for taxes laid under an unconstitutional law does not constitute a cloud upon the title.—*Deroit v. Martin,* 34 Mich. 170, 22 Am. Rep. 512; *Stuart v. Palmer,* 74 N. Y. 183, 30 Am. Rep. 289; *Newell v. Wheeler,* 48 N. Y. 486; *Marsh v. City of Brooklyn,* 59 N. Y. 280; *Ewing v. St. Louis,* 5 Wall. (U. S.) 413; 18 L. Ed. 657; *Wells v. Buffalo,* 80 N. Y. 353; *Mayor of Birmingham v. McCormack,* (Ala.) 40 South. 111. If the tax proceedings should finally culminate in a sale and conveyance, and an action of ejectment should be brought by the grantee in the conveyance against complainant in possession, it cannot be doubted that to authorize a recovery valid tax proceedings would have to be shown by the plantaiff in ejectment to support the conveyance. As has been stated, the court takes judicial knowledge of the acts chartering towns and cities, and of the territorial limits of towns and cities as fixed by such charters.—*Lord v. Mobile,* 113 Ala. 360, 21 South. 366; *Ross v. Reddick,* 2 Ill. 73; *State v. Jackson,* 39 Me. 291. So upon a comparison by the court of the description of the property in the conveyance with the territorial limits as given in the charter as granted by the original act, it would be seen that the property as described in the deed, if described as the land is in the bill, would fall outside the city limits as defined in that charter, but would come within the limits as fixed by the Acts of 1903 that are alleged to be unconstitutional. Therefore, in the action of ejectment the plaintiff, if the amendatory acts are void, would fail, and that, too, without the defendant offering any evidence. And in such state of the case, under the test fixed by this court, the conveyance would

not be a cloud on defendant's title.—*Rea v. Longstreet,* 54 Ala. 291; *Parker v. Boutwell,* 119 Ala. 297, 24 South. 860; *Mayor v. McCormack,* (Ala.) 40 South, 111. If the Acts of 1903 are valid enactments, confessedly the bill in this case cannot be maintained. The tax proceeding would be valid, and would not be a cloud on complainant's title.—*Shults v. Shults,* (Ill.) 43 N. E. 800, 50 Am. St. Rep. 188.

Our conclusion is that the bill is without equity, and the city court erred in overruling the motion to dismiss it for want of equity. A decree will be here rendered dismissing the bill.

Reversed and rendered.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.