# City of Birmingham *v.* Coffman.

### Bill to Enjoin Enforcement of Lien.

(Decided April 13, 1911.  Rehearing denied June 8, 1911.
55 South. 500.)

1. *Quieting Title; Grounds; Illegal Assessment.*—An ordinance framed for the improvement of streets, which is void on its face for want of the requisite formalities, and which seeks to create a lien on property for the improvement done under such ordinance creates such a cloud on the title as will support a bill to remove same.

2. *Equity; Pleading; Demurrer.*—The allegations of a bill must be accepted as true on demurrer.

3. *Same; General Demurrer.*—If the bill contains any equity, a general demurrer is properly overruled.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by R. D. Coffman against the City of Birmingham to enjoin the enforcement of a lien and to remove same as cloud upon title. From a decree for complainant respondent appeals. Affirmed.

R. H. THACH, for appellant. The improvement ordinance was passed under and by virtue of the act of the Legislature approved March 5, 1907, and before the adoption of the Political Code, and the cause should be reversed and remanded on the authority of *City of Ensley v. McWilliams*, 41 South. 296.  The chancellor's opinion is in direct conflict with the case of *M. & A. of Birmingham v. McCormick*, 40 South. 111.  See also *Strenner v. City of Montgomery*, 5 South. 115; *City of Ogden v. Armstrong*, 168 U. S. 444.

FELIX E. BLACKBURN, for appellee. The ordinance was void, but pretended to fasten a lien upon the property.—*Foss v. Chicago*, 56 Ill. 354; *Bryan v. Chicago,*

60 Ill. 507. Sec. 1361 Code 1907. The bill·contained equity and the demurrer was properly overruled.— *Woodstock Iron Co. v. Fullenwider,* 87 Ala. 587. Equity does not work by piecemeal and having acquired juris-diction for one purpose, will grant full relief.—*Whaley v. Wilson,* 112 Ala. 697. The bill was not multifarious. —*Gorec v. Dickins,* 98 Ala. 363.

MAYFIELD, J.—Appellee filed this bill to enjoin appellant from foreclosing an alleged lien upon his property for street and sidewalk improvements and to remove such alleged or pretended lien as a cloud upon his title.

The bill alleges that the municipal ordinances by which the assessment and levy was made upon this property in question are of no effect so far as this prop-erty is concerned, for that it was not included in the ordinances or notices required by the statute for such purposes. The statute under which the assessment was made (Code, § 1361) in part reads as follows: "It shall adopt an ordinance or resolution to that effect, describ-ing the nature and extent of the work, the general char-acter of the materials to be used, and the location and terminal points thereof, and the streets, avenues, alleys or other highways, or parts thereof," etc. It is alleged in the bill that both the property in question and the streets bounding it were not included or embodied in the ordinance as required by the statute, and that there-fore the assessments made against it are void. It is also alleged that the grades of the streets or avenues had not been fixed or established as required by law, before the adoption of the ordinance providing for the improve-ments of such streets. If the averments of the bill are true, and on demurrer they must be so treated, the bill did contain equity, and the chancellor ruled correctly

in overruling the general demurrer based on that ground. There was no special demurrer interposed to the bill. Consequently neither the trial court nor this court could pass upon its sufficiency, except as to whether or not it contained equity.

The case at bar is distinguishable from that of *Ensley v. McWilliams,* 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26. In that case it was an act of the Legislature, enlarging the territory of Ensley, that was alleged to be unconstitutional, and the bill there sought to enjoin the collection of taxes assessed upon the property included in the void act of the Legislature, and to remove cloud from and to quiet title. In that case the bill showed that the levy and assessment was void on its face, and that a levy and sale with no semblance of legality constituted no cloud on title, and that the remedy at law was complete and adequate. The levy, assessment, and sale under that case was had under a void statute, of which all courts will take judicial notice; hence the proceedings would be void on their face.

In this case the assessment and sale is not under a valid statute; but it is the municipal ordinance (of which courts do not take notice), and a failure to fix the grades of the streets and avenues before the assessment, that renders it void. It was the failure of the officers to comply with a valid statute that rendered the proceedings void. It has been expressly ruled by the Supreme Court of California that a suit may be maintained to remove, as a cloud upon title, a street assessment, like this, void upon its face, but void because of informalities in the proceedings of the officers in making the assessment.—*Bolton v. Gilleran,* 105 Cal. 244, 38 Pac. 881, 45 Am. St. Rep. 33. Our own case of *City of Ensley v. McWilliams,* 145 Ala. 159, 41 South. 296, relied upon by appellant, is reported and annotat-

ed in 117 American State Reports, 26, and in a note thereto there are collected many cases which show the distinction between this case and the one relied upon. Affirmed.

SIMPSON, ANDERSON and McCLELLAN, JJ., concur.