**TOWN OF ELBA v. COOPER.  (4 Div. 952.)**

(Supreme Court of Alabama.  June 22, 1922. Rehearing Denied Oct. 12, 1922.)

**1. Quieting title ⬅➔7(5) — Defects apparent on face of special assessments not removed as clouds on title.**

Where a special assessment is void on its face, or a defect in it must necessarily appear in proceedings by claimant to enforce the lien, it is not such a defect as will be removed by a court of equity as a cloud on title, since the real owner of the property has his defense always at hand.

**2. Evidence ⬅➔5(2)—Quieting title ⬅➔7(3)— Judicial notice not taken of deeds, but title may not be quieted as against evidence.**

Courts do not take judicial notice of deeds, yet if a bill is filed to declare a deed a cloud upon title and to remove it, and the deed is void on its face, the court will hold that the bill is without equity, whether the deed is set out in the pleading or introduced in evidence.

**3. Municipal corporations ⬅➔583—Verified transcript of proceedings for special improvements not prima facie evidence of recitals so as to relieve purchaser from proving validity.**

A verified transcript of proceedings for special improvements and assessments there-

for is not prima facie evidence of the recitals therein, whether true or not, so as to relieve a purchaser at the sale of the complainant's property from having to establish the validity of the tax proceedings under which he claimed in an action at law for the property; hence Code 1907, § 3989, providing that municipal ordinances and by-laws officially certified as correct shall be prima facie evidence of the due adoption of such ordinances and by-laws, has no application.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by R. L. Cooper against the Town of Elba and John F. Brunson, its town clerk, to enjoin the sale of property to pay for improvements. From a decree overruling demurrer to the bill defendant town appeals. Reversed and rendered.

The bill alleges that the complainant is the owner of certain described property in the town of Elba; that defendants claim some right, title, incumbrance or lien upon said property, the nature of such lien or incumbrance being an assessment made against abutting property for sidewalks and other like improvements; that such improvements were made by the municipality under article 26, chapter 32, of the Code of 1907; that defendants are causing to be published, in a newspaper published in the town of Elba, notices that complainant's property will be sold on a designated day for the payment of such improvement assessments.

It is alleged that as to the improvements made adjacent to a portion of his property and assessment against the same complainant had no knowledge or notice.

It is alleged that the municipal authorities, in the proceedings providing for the improvements in question and assessment of the cost thereof, failed to comply with the requirement of the statute in these particulars:

"(a) That notice as to the filing of the assessment books or assessment roll or list and of the time and place of the hearing of the same and of objections or defense thereto was not given in the manner provided by law; (b) that such meeting of town council to consider exceptions or objections to the assessment as was held was not held in the manner provided by law; (c) for that the assessment which was undertaken to be made was made in a vague and indefinite manner, if at all; that the computations as to amount of costs of improvement are indefinite or uncertain of ascertainment; (d) that the council or mayor and council did not, by order or resolution, fix the amount of the assessment against each lot or tract of land at any time; that after the improvements were completed the mayor and council failed to make any order or resolution in regard to 'the making of assessments against the property adjacent to such improvements; (e) that on certain parcels of property so improved the town of Elba and its offi-

cials have collected or undertaken to collect for the costs, or the alleged costs. of such improvements without any order or resolution making assessment on the same having been passed in the manner provided by law, included in which property is that of your orator; that they have undertaken to collect such alleged costs on the installment plan, in equal annual installments, without having received any notification on the part of the owners of such parcels of property that the owner desired to pay such alleged costs in installments; that without regard to the statutory requirement that installments should not be paid except upon the election in writing of the owners to pay in installments, said town of Elba through its officials did sell 10-year bonds and make arrangements for the payment on the installment plan and sell bonds of the town payable in 10 years to cover the cost of such improvements, and such bonds were issued and sold before the earliest time at which such assessment could be made as to the costs of such improvements, and before the time had expired for assessments to be made and for owners to elect whether or not they would pay in installments. That said shortcomings, insufficiency, irregularity, and illegality will not appear in any deed which may be made pursuant to the sale of orator's property which respondents are undertaking to make; that such irregularity, deficiency, insufficiency, and illegality of such proceedings in regard to such improvements are disclosed and shown on the minute book, wherein the minutes and records of proceedings of the mayor and council of the town of Elba were set down and kept during the period of time when such proceedings were had or are alleged to have been had."

It is averred:

"That there has been prepared and is in existence what purports to be a certified or otherwise verified transcript of the proceedings alleged therein to have been had by the mayor and council and other officials of the town of Elba, Ala., which in a trial in a court of law would be prima facie evidence that the things had been done and the proceedings had been had in a regular and lawful way which would give to the town of Elba, Ala., a lien on the property of orator for the costs of such improvements, and based upon which a deed executed pursuant to a sale of orator's property for such costs of such improvements would prima facie entitle the grantee in such deed to recover your orator's property;" that the things set forth in such transcript did not actually occur as appears from said minute book.

It is alleged that at the time said improvements were made and said bonds issued the town of Elba had less than 6,000 inhabitants; that in said certified or verified transcript of the proceedings had by the mayor and council of the town of Elba it is not disclosed that the town of Elba had less than 6,000 inhabitants; that by operation of law the issue of said bonds conveyed to the owner thereof all right, title, and interest in and to the assessment, and the lien therefor created by the proceedings, in the event the same is to be paid on the installment plan after as-

sessment has been made; that complainant is not advised and has no way of ascertaining who are the owners of said bonds, but that the bonds are negotiable upon delivery; that because said certified transcript fails to show that the town of Elba has less than 6,000 inhabitants, it does not appear prima facie that the town has no right or claim in the assessment or lien growing out of same, in consequence of which complainant will be compelled, in a court of law in defending against a sale under said alleged lien, to introduce extrinsic evidence.

It is further alleged that the assessment book is deficient on the ground that there is not a sufficient description of the property upon which a lien is sought to be fixed, and because it does not itemize the computations or show in what manner the same were ascertained.

The prayer is for a temporary injunction restraining the sale of complainant's property, that on final hearing the injunction be made permanent, and that it be determined that the respondent has no right or claim upon the property, and that complainant's title be quieted.

W. W. Sanders, of Elba, for appellant:

One who relies upon a tax sale, or traces his right through tax proceedings, must show affirmatively that the requirements of law with respect thereto were observed in the processes essential to the transmission of title. 182 Ala. 408, 62 South. 696; 128 Ala. 612, 29 South. 690; 54 Ala. 291. If the alleged tax has no semblance of legality; if, upon the face of the proceedings, it is wholly unwarranted by law or totally void—the tax could neither constitute an incumbrance nor a defect of title, and therefore could not constitute a cloud. Cooley on Taxation, 1448; 101 Ala. 563, 14 South. 557; 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26. The case of Birmingham v. Coffman, 173 Ala. 213, should be overruled. 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellee.

Counsel state that, if the case of Birmingham v. Coffman, 173 Ala. 213, 55 South. 500, Ann. Cas. 1914A, 887, is not sound, their bill is fatally defective, but argue that cases cited as being opposed to that ruling—182 Ala. 408, 62 South. 696; 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26; 128 Ala. 612, 29 South. 690—deal with ad valorem taxes, and are to be differentiated. Proceedings to establish liens for improvements under the municipal laws are all had before one body of officers, and prima facie evidence thereof may be made by a certified transcript of such proceedings. Code 1907, §§ 1359–1420, 3989. Where a statute or charter provides that a tax or certificate of conveyance shall be prima facie evidence of the facts therein re-

cited, or that the proceedings recited as having been done are regular and valid, the certificate, not appearing on its face to be invalid, constitutes a cloud on title, but an action in equity to remove such cloud by the cancellation of the certificate can be maintained. 173 Ala. 213, 55 South. 500, Ann. Cas. 1914A, 892; 130 U. S. 177, 9 Sup. Ct. 480, 32 L. Ed. 899; 35 Utah, 504, 101 Pac. 381; McQuillin on Mun. Corp. (1921) § 2127.

ANDERSON, C. J. [1] Where a special assessment is void on its face, or a defect in it must necessarily appear in proceedings by a claimant to enforce the lien, it is not such a defect as will be removed by a court of equity as a cloud upon title, since the real owner of the property has his defense always at hand. City of Ensley v. McWilliams, 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26, and cases cited. Indeed, this seems to be the general rule, with the sole exception of a contrary one laid down in our case of City of Birmingham v. Coffman, 173 Ala. 213, 55 South. 500, Ann. Cas. 1914A, 887. See numerous authorities cited in note to this case as reported in Ann. Cas. 1914A, 890. The bill in this case avers that all of the defects or irregularities complained of appear upon the record of the assessment proceeding as per the minutes and records of the proceedings of the governing board of the town. Indeed, counsel for the appellee, with commendable candor, concede that the rule as above declared is in line with the great weight of authority, and that this bill is defective, unless we follow and reaffirm the case of City of Birmingham v. Coffman, supra. This we are unwilling to do, as said case is in conflict with the great weight of authority, including our own case of Ensley v. McWilliams, supra; and we think that the point of differentiation attempted in said Coffman Case is inapt and illogical, as we do not think that the test is one as to which the courts do or do not take judicial notice of the defect.

[2] Courts do not take judicial notice of deeds, yet if a bill is filed to declare a deed a cloud and to remove it, and the deed is void on its face, the court will hold that the bill is without equity, whether the deed is set out in the pleading or introduced in evidence. It is also manifest that the writer of the opinion in the Coffman Case, supra, misconceived and inaccurately stated the holding in Bolton v. Gilleran, 105 Cal. 244, 38 Pac. 881, 45 Am. St. Rep. 33, as this case expressly holds that "there is nothing upon the face of the assessment to show that the lien is not in all respects valid," and the complainant relied on matters outside the record of the assessment to show the invalidity of the assessment.

In the cases of Birmingham v. Wills, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746, and Birmingham v. Abernathy, 178 Ala. 221, 59 South. 180, this point does not seem to have been raised or suggested, and was therefore not discussed or considered by the court, and neither of these cases approves or reaffirms the Coffman Case as to this point. Indeed, the Coffman Case was, in effect, overruled in the Wills Case, in so far as the former held that the defects relied upon were so fatal to the assessment as to give the complainant any equitable relief against same. It is true that there is a statement in the Wills Case, supra, that the Coffman Case is not in conflict with what was said in the former in respect to the propriety of a bill to remove a cloud; but it is evident that the writer did not fully comprehend all that was said in the Coffman Case, as the writer in the Wills Case merely conceded that a bill would lie to remove a void proceeding of this sort, but did not state that such would be the case if the invalidity appeared upon the face of the record of the assessment. The Coffman Case, supra, is expressly overruled.

[3] The complainant also avers that—

There has been prepared and is in existence "what purports to be a certified or otherwise verified transcript of the proceedings alleged therein to have been had by the mayor and council and other officials of the town of Elba, Ala., which in a trial in a court of law would be prima facie evidence that the things had been done and the proceedings had been had in a regular and lawful way, which would give to the town of Elba a lien on the property of orator for the cost of such improvements, and based upon which a deed executed pursuant to a sale of orator's property for such cost of such improvements would prima facie entitle the grantee in such deed to recover your orator's property."

We know of no statute, and are cited to none, which makes such a certificate or transcript prima facie evidence of the recitals therein, whether true or not, that would relieve a purchaser at the sale of complainant's property from having to establish the validity of the tax proceedings under which he claimed in an action at law for the property. Harton v. Enslen, 182 Ala. 408, 62 South. 696. We do not think that section 3989 of the Code of 1907 is applicable to this question, or was intended to make certificates, transcripts, or deeds pursuant to improvement assessments prima facie evidence of the recitals thereof. This section simply makes any book or code printed under the authority of the governing board, or certified under the hand of the clerk, prima facie evidence of the due adoption and continued existence of the by-laws or ordinances therein printed.

It is unnecessary for us to decide whether or not the defects relied upon and disclosed by the assessment record are merely irregular, and were waived and cured by a failure of the owner to protest under section 1381 of the Code, or whether or not they rendered the assessment void, in passing upon the

equity of this bill. If of the former class, the complainant was not entitled to equitable relief under the Wills and Abernathy Cases, supra. If it was void upon its face, the complainant had a good legal defense and cannot maintain the present bill.

The trial court wrote a clear and concise opinion in this case indicating the views as to the law as expressed in this opinion, but felt constrained to uphold the equity of the bill under the influence of the Coffman Case, supra. Since, however, the said case is overruled, the decree of the circuit court in overruling the demurrer to the bill for want of equity is reversed and one is here rendered sustaining same.

Reversed and rendered.

All the Justices concur.