[Weaver v. Eaton.]

# Weaver *v.* Eaton.

*Bill in Equity to compel the Determination of Claims to Real Estate and to quiet the Title to the Same.*

1. *Bill under statute to compel determination of claims to real estate and to quiet title thereto; when without equity.*—A bill filed under the statute to compel the determination of claims to real estate and to quiet the title to the same, (Code, §§ 809-813), which does not allege disjunctively that the respondent claimed or was reputed to claim a lien or encumbrance upon the land, is subject to demurrer.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellant, W. A. Weaver, against the appellee, E. G. Eaton.

It was averred in the bill that the complainant, "owns and is in peaceable, constructive and actual possession" of certain lands specifically described; "that E. G. Eaton, who is over the age of twenty-one years and resides in Autauga county, Alabama, claims or is reputed to claim some right, title or interest in and to said lands; and that no suit is pending in any court to enforce or test the validity of said title or claim." The bill then continues as follows: "That your orator hereby calls upon the said E. G. Eaton to set forth and specify his title, claim or interest in and to said southeast fourth of section three, township nineteen, range twelve, in Autauga county, Alabama, or in and to any part thereof, and to set forth and specify how or by what instrument the same is derived and created."

The prayer of the bill was as follows: "The premises considered your orator prays that the said E. G. Eaton be made a party defendant to this, your orator's bill of complaint. And that upon the final hearing of this cause that your honor be pleased to decree that said E. G. Eaton has no estate, interest, right, claim, or title in and to

the said" lands specifically described. There was also a prayer for general relief.

The defendant demurred to the bill, among others, upon the following grounds: 1. For that said bill only requires this respondent to set forth his estate or interest in said lands therein described, and from aught that appears from said bill he may have an encumbrance upon said lands. 2. For that said bill does not require this respondent to set forth and specify what encumbrance he has on said lands. 3. For that this respondent is not called upon by said prayer to set forth and specify what title, claim, interest or encumbrance he claims upon said property.

On the submission of the cause, the chancellor sustained the grounds of demurrer as above set forth and rendered a decree accordingly. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. A. COLLIER, for appellant, cited *Ward v. Janney & Cheney,* 104 Ala. 122.

KNOX, DIXON & BURR, *contra.*—The bill in this case was without equity. The proceeding is purely a statutory one, where every requirement of the statute must be strictly complied with.—*Parker v. Boutwell,* 119 Ala. 297.

McCLELLAN, C. J.—The purpose of the act of December 10th, 1892, was to give a remedy to persons in possession of and claiming to own lands to clear the title thereto from all conflicting claims, or, in the words of its caption: "To compel the determination of claims to real estate in certain cases and to quiet the title to the same." The contemplation was not that the remedy thus provided should be resorted to settle any particular conflict in claims of title, interests or incumbrance—it was not contemplated that the status of ownership of a given tract of land, or the rights of parties in respect thereto shall be determined piece meal by the bill and proceedings which

the statute authorizes; but the contemplation was that that all and every conflicting claim whether of absolute title to the whole or some part of the tract, or of some interest in the land less than the absolute title, or of some lien or incumbrance upon it, should be drawn into controversy by the bill, and finally settled by the decree. And such is the purpose, rationale and contemplation of the statute as now embodied in sections 809-813 of the Code. Thus in section 809 the suit is authorized "to settle the title to the land and to clear up all doubts and disputes concerning the same." Section 810 provides that the "bill  *  *  *  must allege  *  *  *  that the defendant claims or is reputed to claim some right, title or interest in or incumbrance upon such lands, and must call upon him to set forth and specify his title, claim, interest or incumbrance, and how and by what instrument the same is derived and created." Section 811 requires the answer to set forth the defendant's claim of title, interest or incumbrance, if he claims any "estate or interest in, or incumbrance upon such land," etc., etc. And section 812 provides for a decree in all such cases determining, not only title strictly speaking, but the existence of incumbrances *vel non*, their nature, etc., if they exist, etc., etc. Being brought into court under this statute, the defendant is thus by its terms entitled to have any incumbrance he claims upon the land as well as any claim of title, adjudicated and its status settled. Having this right, indeed being required by the statute in plain words to set forth his claim of incumbrance, and the statute also in plain words requiring the court to decree in reference to incumbrances, it would seem clear on the general principle of pleading that the bill must present the issues to be foreclosed by the decree, and especially upon the requirements of this statute as to what both the bill and the answer shall contain and as to what the decree shall cover; that the bill shall follow the statute, and aver in all cases that the defendant claims or is reputed to claim not only title, but, disjunctively, a lien or incumbrance upon the lands. Such an averment could be established by proof either of a claim or reputed claim of a lien or an encumbrance; but in this case the averment

[Alabama & Georgia Lumber Co. v. Tisdale *et al.*]

does not have to be proved at all. To the contrary, unless it is admitted by the answer, the decree goes without proof of any sort to the establishment of the complainant's title and to the destruction of all liens or incumbrances in respondent's favor upon the lands. It is only when the respondent by his answer admits that he claims some estate or interest or incumbrance upon the lands and sets it forth that any proof is to be taken, and the evidence goes, not to the existence of a claim on the part of the respondent, but to the validity and nature of the title or incumbrance he asserts.

Upon these considerations we are come to the conclusion that the chancellor properly sustained the demurrer to the bill on the ground that it did not allege, disjunctively, that respondent claimed or was reputed to claim a lien or incumbrance upon the land.

Affirmed.