# Fowler *v.* Alabama Iron & Steel Co.

### *Bill to Quiet Title.*

(Decided Feb. 6, 1908. 45 South. 634.)

*Quieting Title; Bill; Relief; Grounds.*—On a bill containing only statutory averments in an action to quiet title relief cannot be granted on the grounds of a resulting trust in the land. (Haralson, Dowdell and Simpson, JJ., dissenting.)

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Alabama Iron & Steel Company against Samuel O. Fowler to quiet title. From the judgment respondent appeals. Reversed and rendered.

GOODHUE & BLACKWOOD, for appellant. Under the pleadings in this case the chancery court had nothing to do with the equities and the sole question in the case was whether or not the respondent had the legal title to the land.—*Cheney v. Nathan,* 110 Ala. 266. The court, therefore, erred in decreeing the equitable title in the appellee.

32 R

[Fowler v. Alabama Iron & Steel Co.]

BURNETT, HOOD & MURPHREE, for appellee. The purpose of the statute is broad and requires the court to determine, whether the defendant had any right, title or interest to or encumbrance upon the land, and the court properly declared a trust upon the lands in favor of the appellee.—*Adler v. Sullivan,* 115 Ala. 582; *Weaver v. Eaton,* 36 South. 647; 31 N. J. Eq. 255; 50 N. J. Eq. 574; 24 N. J. Eq. 178.

DOWDELL, J.—The present bill is filed under article 13, c. 16, of the Code of 1896, which provides for the filing of bills to compel the determination of claims to lands and to quiet title. The present bill contains all the essential averments required by the statute. The subject-matter of the bill is mineral interests in the lands described. The respondent answered the bill, setting up absolute ownership in fee of the land, including mineral interest. The cause was submitted for final decree upon the pleadings and proof, and from the final decree rendered on such submission the respondent in the court below, appellant here, prosecutes this appeal.

The possession by the complainant of the subject-matter of the suit—that is, the mineral interest—was established by the evidence, and the only question presented for review is the decree of the chancellor fixing the status of the title, which was that the respondent held only the naked legal title to the same. While the chancellor, in an opinion rendered by him accompanying his decree and which is set out in the record, says that the complainant is the equitable owner of the mineral rights in the land, yet he only adjudges and decrees the extent of the respondent's title. This is in accordance with the provision of section 812, which says the court must "finally adjudge and decree whether the defendant has any

[Fowler v. Alabama Iron & Steel Co.]

right, title or interest in, or incumbrance upon such lands, or any part thereof, and what such right, title, interest or incumbrance is," etc. The contention of the appellant is that under the evidence, and the finding and conclusion of the chancellor on the same that the respondent held the legal title to the land, the bill could not be maintained; and in support of this contention appellant relies on the case of *Cheney, Trustee, v. Nathan,* 110 Ala. 266, 20 South. 99, 55 Am. St. Rep. 26, the theory of the contention being that the complainant must have the legal title to authorize the filing of the bill.

This construction of the statute is too narrow, and is not supported by authority. The language of the statute (section 809) is: "When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, and his title thereto, or to any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or incumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or incumbrance, such person so in possession may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same." Section 810 provides what the bill shall contain as to its averments. Section 811 provides, if the defendant shall answer claiming any estate or interest in or incumbrance upon such lands, he must in such answer specify and set forth the title, claim, interest, or incumbrance so claimed. The purpose of the statute is clearly set forth in the concluding paragraph of section 809, above set out—"to settle the title to such lands, and to clear up all doubts or disputes concerning the same." The meaning of the word "title," as employed in the statute, is not in terms limited and re-

stricted to legal titles. The doctrine of equitable title—equitable ownership of lands—is as well recognized as legal title, and in equity he who has the equitable title or equitable ownership has the greater or superior interest. We see no reason why one in peaceable possession of land, claiming to own the same and being in fact the equitable owner of the land, may not, under the broad terms and purposes of the statute, file and maintain his bill. This doctrine is supported both in reason and authority.—3 Pom. Eq. Jur. (3d Ed.) § 1397; 6 Pom. Eq. Jur. (Eq. Rem. vol. 2) § 738; *Powell v. Mayo*, 24 N. J. Eq. 178.

Our statute, under which the present bill was filed, was modeled after the New Jersey statute. In the case of *Powell v. Mayor, supra*, it was said, in speaking of the New Jersey act: "But the act does not require that the complainant have title by possession, or the right of possession, or even adverse possession. It requires possession merely; the only qualification being that it shall be peaceable, as contradistinguished from disputed or contested, possession, and that it shall be under claim of ownership. Quiet occupation under claim of title gives the complainant standing in court under the act." In *Weaver v. Eaton*, 139 Ala. 247, 35 South. 647, it was said by this court, speaking through McClellan, C. J., as to the purpose of the statute: "But the contemplation was that all and every conflicting claim, whether of absolute title to the whole or some part of the tract, or of some interest in the land less than the absolute title, or of some lien or incumbrance upon it, should be drawn into the controversy by the bill, and finally settled by the decree. * * * It is only when the respondent by his answer admits that he claims some estate or interest or incumbrance upon the lands, and sets it forth, that any

[Fowler v. Alabama Iron & Steel Co.]

proof is to be taken; and the evidence goes, not to the existence of the claim on the part of the respondent, but to the validity and nature of the title or incumbrance he asserts."

The facts show that S. T. Fowler, the father of the respondent, S. O. Fowler, when he procured the deed to be made by Arnold to the land in question to the respondent, who was at the time an infant only three years old, he, the said S. T. Fowler, occupied a fiduciary relation to one Crawford in buying mineral interests in certain lands, and that in the purchase of the land in question the purchase money paid for said land was the money of Crawford. If the deed had been taken in the name of S. T. Fowler, no one would for a moment question that under the facts a constructive trust as to the lands arose in favor of Crawford. The fact that the deed was made to the infant son of S. T. Fowler, who was a voluntary grantee, cannot in equity change the principle. Equity always looks to the substance, and not to the form. The equity of Crawford in the mineral interest was superior to any interest acquired by the respondent under the facts in the case. The complainant derived its right, title, and interest in the mineral interest from Crawford, who owned and held the superior equity. The case of *Sanford v. Hamner,* 115 Ala. 406, 22 South. 117, in respect to the constructive trusts arising out of the transaction, is similar to the case at bar and supports the principle above laid down.

As stated above, the bill contains every essential averment under the statute, thus giving it equity on its face. While the proof shows the legal title in the respondent, the complainant is shown to be in peaceable possession of the real estate in question under claim of ownership, and having an interest which in equity is superior to the

respondent's legal title, and no suit is pending to test the validity of the reputed title, claim, or incumbrance. Under the interpretation given the statute in *Weaver v. Eaton, supra,* every condition as to allegation and proof exists calling for the exercise of the jurisdiction and powers of the chancery court. The decree of the chancellor is in accordance with the direction in the statute (section 812) in ascertaining and adjudging what title the defendant has, and his decree should be affirmed. The fact that the bill does not seek to enforce the trust shown under the evidence, or that it does not in its allegation purport to go beyond a statutory bill, is no reason for not decreeing in accordance with the statute.— *Interstate Building & Loan Association v. Stocks,* 124 Ala. 109, 27 South. 506.

The foregoing are the views of the writer, concurred in by Justices HARALSON and SIMPSON.

TYSON, C. J., and ANDERSON, DENSON, and McCLELLAN, JJ., entertain the opinion that the decree was erroneous in granting complainant relief, notwithstanding the respondent is decreed to have the legal title to the land. It is apparent from the record that this relief was granted upon the equitable ground that complainant was entitled to have declared, upon proper allegation, a resulting trust in the land. This relief cannot be obtained upon a statutory bill merely. Had the bill contained the proper averments necessary to an assertion of the equity, we doubt not that relief may have been granted; but this it does not do. It is a perversion of the purpose of the statute to permit the complainant, upon mere statutory averments, to obtain relief upon general principles of equity.— *Sloss-Sheffield Steel & Iron Co. v. Board of Trustees of the University of Alabama,* 130 Ala. 403, 30

[Oates v. Town of Headland.]

South. 433, and cases there cited. For these reasons, they hold that the bill should have been dismissed, and a decree will be here entered accordingly.

Reversed and rendered.

