# Vaughan, *et al. v.* Palmore.

### *Bill to Quiet Title.*

(Decided January 11, 1912.   57 South. 488.)

1. *Quieting Title; Pleading; Allegation of Ownership.*—Under sections 5443 and 5444, Code 1907, an allegation in a bill to quiet title that complainant was in the peaceable possession of the land, claiming the same in his own right, is sufficient without setting out the evidence or the facts necessary to constitute evidence conferring title to the land; neither is it necessary to show an ownership in fee or other absolute ownership.

2. *Same.*—Where a complainant amends his bill to quiet title by unnecessarily alleging that he is the owner of the lands, such allegation is not detrimental to defendant.

3. *Same; Nature and Purpose.*—The purpose of a bill to quiet title filed by one in peaceable possession of land claiming to own it in his own right, is to ascertain what title, claim, interest or incumbrance the defendant has, and how and by what interest his title is derived, and not to ascertain the title of complainant, and if a defendant desires to contest complainant's title or claim, he must do so by cross bill.

4. *Same; Statutory Provision.*—The purpose of sections 5443-5449, Code 1907, is highly remedial, it being also a statute of repose, and entitled to liberal construction.

5. *Same; Evidence; Burden of Proof.*—Where a complainant unnecessarily alleges ownership, in a bill to quiet title to land, he has the burden of proving it if the defendant denies such ownership by the answer.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Bill by James Palmore against Frank Vaughan and others to quiet title to land. From a decree overruling demurrers to the bill respondents appeals. Affirmed.

STEINER, CRUM & WEIL, for appellant. As amended the bill attempts to set up appellee's ownership of title in the alternative, and unless entitled to relief under either of the alternatives, the bill cannot be maintained.— *Peters v. Rhodes,* 157 Ala. 30; *Long v. Meacham,* 142

[Vaughan, et al. v. Palmore.]

Ala. 405; *Taylor v. Dwyer*, 131 Ala. 91; *Seals v. Robinson*, 75 Ala. 363. Section 2930 of the Code has no retroactive effect, and hence, no title is shown under paragraph 4 of the bill.—*Brasher v. Shelby Iron Co.*, 144 Ala. 659. Counsel discuss other grounds of demurrers, but without further citation of authority.

STAKELY & VARDAMAN, for appellee. The bill is not multifarious.—*Alexander v. Rea*, 50 Ala. 450; *Chapman v. Chunn*, 5 Ala. 397; *Kennedy v. Kennedy*, 2 Ala. 571. If any inconsistency appears, it is not in the kind of relief prayed for, but in the decree asked, and this does not constitute multifariousness.—*Henry v. Tennessee L. S. Co.*, 50 South. 1029; *M. & C. P. R. R. Co. v. Tallman*, 15 Ala. 472. The bill was not subject to demurrer.—Sec. 5443, et seq., Code 1907, and authorities cited.

MAYFIELD, J.—The bill in this case is filed under chapter 127 of the Code, §§ 5443-5449, inclusive, to quiet title and determine claims to certain lands described in the bill. The respondents demurred to the bill upon the ground that it failed to allege that the complainant was the owner of the land at the time of the filing of the bill. The trial court overruled the demurrer, and respondents appeal.

It is not at all necessary for a bill filed under this chapter of the Code to allege, in terms, that the complainant is the owner of the lands the title to which is sought to be quieted. In fact, the statute provides that when any person "is in peaceable possession of lands, whether actual or constructive, claiming to own the same," and his title thereto is denied or disputed, or any other person claims, or is reputed to own the same, and no suit is pending to test the validity of such title, claim, incumbrance, etc., such person so in possession may maintain a suit under that chapter of the Code.

It is true that section 5444 of the Code provides that the bill must allege the possession and ownership of the complainant, but not in terms. The allegation that the complainant was in the peaceable possession of the land, claiming the same in his own right, would be sufficient. The possession and claim of ownership being alleged, and nothing further appearing, the ownership would be presumed. It is not at all necessary that the complaint should set out the evidence, or the facts constituting the evidence, necessary to confer title to the lands in question; nor is it necessary to show ownership in fee or other absolute ownership.

But the original bill in this case alleged in terms that the complainant was in the "peaceable possession of the land," and the amended bill alleged in terms that he was the "owner." While the amended bill did attempt to describe the source and claim of the complainant's title, it was wholly unnecessary, and could be of no possible detriment to the respondents, though it might entail unnecessary burdens of proof on the part of the complainant to support such averments.

If the complainant be in the peaceable possession of the land, claiming to own it in his own right, and the land is also claimed by the respondent, but no suit is pending to test the validity of the claim, this gives the complainant the right to test the validity of the respondent's claim or title. The purpose of the original bill is to ascertain what title, claim, interest, and incumbrance the respondent has, and not that of the complainant, and how and by what interest his title is derived. If the respondent desires to so test the complainant's title or claim, he must do so by a cross-bill.

As was said by this court in the case of *Adler v. Sullivan*, 115 Ala. 582, 22 South. 87, though a bill sets out the source of the complainant's title and possession, and

[Vaughan, et al. v. Palmore.]

thus serves to give notice to the respondent of the title and possession on which the complainant relies, in opposition to any claim or title that the respondent may assert in his answer, yet the source and character of such title or possesison is not necessary to the equity of the bill. In that case, as in this, the respondent objected to the bill because the allegations as to the tax title of the complainant showed an invalid claim under such tax title, and therefore no right or title to, or possession of, the land. But such contention was held to be not availing, on demurrer to the bill, in a suit under this statute. The averment of the bill in this case, as in the case of *Adler v. Sullivan, supra,* contains all that is necessary to state a good cause of action; and the mere fact that the complainant has assumed the duty or burden (which the statute does not enjoin upon him) of alleging the source of his title or possession does not render the bill demurrable; nor can any possible injury result to the respondents from such allegation.

It is an unnecessary burden which the complainant has assumed, but one which he may be required to prove if it be denied by the answer of the respondents. As was said in the *Adler Case, supra,* the purpose of the statute is to compel the determination of claims to real estate, etc., and to require the respondent to disclose his claim. The defendant is required to specify and set forth the estate, interest, or incumbrance so claimed; but the statute makes no such requirement as to the complainant. The statute also directs that the court shall determine, finally settle, and adjudge whether "the defendant has any estate, interest, right or incumbrance upon said lands or any part thereof; and what it is, and upon what part of the land the same exists." So it is the defendant's title, claim, and right that is to be inquired into, and not that of the complainant.

[Vaughan, et al. v. Palmore.]

Our statute upon this subject is a substantial copy of the New Jersey statute, which was held by the courts of that state to be intended to relieve those persons whose situation afforded them no opportunity to test the hostile claim of third persons by a direct proceeding in ejectment or by other usual modes. That is, if a party is in possession, claiming the land as his own, and the land is claimed by other persons who deny and dispute the title of the party thus in possession, he, of course, cannot maintain ejectment to test their claim or title. The statute in question was intended to enable him, under such conditions, to test the title, right, or claim of the persons who were out of possession, but who were attempting to assert and claim some right, title, or interest in the land.

The statute is highly beneficial and remedial in its nature, and, as was said by the Supreme Court of New Jersey, should be liberally construed. It is a statute of response. It deprives the respondent of no right. He may try his claim in a court of law if he desires, for this statute only allows the complainant to compel him to try it in a court of equity when he has failed to try it in a court of law.

There was no error in overruling the demurrer, and the decree of the lower court is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.