# Kegley v. Rosser, et al.

### Bill to Quiet Title.

(Decided May 18, 1916. Rehearing denied June 30, 1916.
72 South. 381.)

1. **Quieting Title; Burden of Proof.**—Where the action was to quiet title under the statute, and the undisputed evidence shows that both parties claim title from a common source, the respondents under a will, and the complainants by conveyance during the lifetime of a common grantor, the burden rests on the complainant to show such conveyance, and not on respondents to negative the conveyance.

2. **Same; Evidence.**—In this action the evidence is held to be insufficient to prove the execution and delivery, for a consideration, of a valid deed during the lifetime of the common grantor.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Bill by G. R. Kegley against Mantie Rosser and others, to quiet title. From a decree dismissing the bill complainants appeal. Affirmed.

WRIGHT & FITE, for appellant. TRAWEEK & DODSON, for appellee.

[Kegley v. Rosser, et al.]

MAYFIELD, J.—Appellant filed his bill against appellees, to determine and to quiet title to lands, as is authorized by statute.— Code, §§ 5443-5449. The suit proceeded to final decree. The hearing was on bill and answer, and proof introduced by both parties. The chancellor, or the judge of the Tuscaloosa county law and equity court, on this hearing dismissed the bill, and complainant appeals.

It is first insisted by appellant that the trial judge erred, to appellant's prejudice, in holding that the burden of proof was on complainant to establish his title. The opinion of the judge is set out in the brief, and parts of it are pointed out as showing the error into which the judge fell. We do not agree with counsel for appellant that the trial judge so ruled, or that the result would or should have been different if he had so ruled.

(1) While the proceeding under the statute, when there is no cross-bill, is to test or determine the defendant's title, and not that of the complainant (and if the defendant attempts to claim and to show title the burden is on him, of course, to do so), yet that rule is of no value in a case like this where the whole pro- ceeding—bill, answer, and complainant's answers to interroga- tories, which are in the nature of answers to a bill of discovery— shows that the complainant and the respondents both claim title through a common source. The undisputed evidence shows that the lands in question once belonged to Matt Rosser, and that both parties claim title from him, the complainant, through convey- ance from Matt Rosser and wife to one Newton and from Newton to complainant, while the respondents claim as heirs of Matt, who died intestate. So the record shows without dispute that the respondents have title, unless the title passed out of Matt before his death. It was certainly not on respondents to prove the nega- tive—that it had not passed out—neither ten nor twenty years having elapsed since it is indisputably shown to have been pos- sessed by Matt. Consequently, the trial court was correct, in reference to the pleadings and the proof in the case on trial, in this statement:

"The complainant has assumed the burden of proving the exe- cution of an alleged deed from Matt Rosser and his wife, Mentie Rosser, to H. Newton. The complainant claims to derive title by a deed executed by N. Newton and wife on the 2nd day of Febru- ary, 1911, and filed for record in the office of the judge of probate of Tuscaloosa county on the 2d day of February, 1911, and duly

[Mizamore v. Berglin.]

recorded in Deed Book No. 83, p. 16. The complainant claims that his grantor, H. Newton, acquired title by deed of conveyance from Matt Rosser and his wife, Mentie Rosser, in the year 1908 or 1909. The complainant claims that the deed has been lost and never filed for record in the probate office."

(2) We also agree with the trial judge in his conclusion wherein, after fully reviewing the evidence, he says:

"The court is not at all satisfied by the evidence that a deed to the particular lands in question was ever executed to Newton, or that Matt Rosser was ever paid for the same, nor is there anything in the evidence which the court can find which shows what the real consideration for the conveyance was."

All the evidence in this case has been carefully examined, and without the indulgence of any presumption in favor of the finding of the trial judge; and we have reached the conclusion that the decree is correct and should be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.