(80 South. 425)

## PACE v. ROBERTSON BANKING CO.
### (1 Div. 56.)

(Supreme Court of Alabama. Dec. 19, 1918.)

1. QUIETING TITLE ⬅️34(5)—BILL—ALLEGA-TION AS TO CLAIM OF DEFENDANT.

An original bill under Code 1907, § 5443 et seq., for "quieting of titles" which called upon respondent to set forth and specify his title to the land in question, but did not require specification of his "claim, interest, or incumbrance," as provided by section 5444, was subject to demurrer.

2. QUIETING TITLE ⬅️34(5)—BILL—ALLEGA-TIONS OF CLAIM, INTEREST, AND INCUM-BRANCE—"TITLE."

The term "title," as employed in a bill of complaint for quieting title, does not comprehend "incumbrance" within Code 1907, § 5444, specifying that such a bill shall require respondent "to set forth and specify his title, claim, interest, or incumbrance," particularly upon demurrer, where the pleading must be construed most strongly against the pleader.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Title.]

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Suit by the Robertson Banking Company against T. B. Pace. From a decree overruling a demurrer to the bill, the defendant appeals. Reversed and remanded.

T. J. Bedsole, of Grove Hill, for appellant.
Q. W. Tucker, of Grove Hill, for appellee.

McCLELLAN, J. [1] The unmistakable theory of the original bill was to avail of the statutory system for the "quieting of titles." Code, § 5443 et seq. The demurrer, overruled below, took the objection that the bill was defective in the particular that it omitted to call upon the respondent "to set forth and specify his title, claim, interest, or

incumbrance," as provided by Code, § 5444, wherein the essential contents of such a bill is defined. This bill only called upon the respondent to set forth and specify his title to the land in question. The objection taken by the demurrer was due to be sustained under the immediately apt authority of Weaver v. Eaton, 139 Ala. 247, 35 South. 647. The doctrine and reasoning of this decision has been since accepted in Fowler v. Ala. Iron Co., 154 Ala. 497, 500, 45 South. 635; Espey v. Lewis, 152 Ala. 670, 44 South. 1043. It is unnecessary to cumber the books with a reiteration of the considerations that required the conclusion attained in Weaver v. Eaton, supra.

[2] It is suggested that the term "title," employed in the present bill, should be read in a broad sense, and, when so interpreted, it comprehends "incumbrance," within Code, § 5444, referred to above. Aside from the fact that the statute (section 5444), in particularly defining the contents of the bill, implies a recognition of the usual distinction between title and incumbrance, the familiar rule that on hearing on demurrer the pleading must be construed most strongly against the pleader forbids the liberal reading of the term "title" so as to include an "incumbrance" upon real estate.

The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.