(82 South. 436)

MANNING v. MANNING.   (8 Div. 182.)

(Supreme Court of Alabama.   June 5, 1919.)

1. EQUITY ⬅196—PLEADING—CROSS-BILL.

A cross-bill will not be entertained, where the party filing it can obtain full relief in the adjudication of the issues tendered by the original bill.

2. QUIETING TITLE ⬅39—CROSS-BILL—AFFIRMATIVE RELIEF.

In the proceedings to quiet title under Code 1907, §§ 5443–5445, only the respondent's right, title, interest in, or incumbrance on land is considered, and if respondent desires affirmative relief beyond that he must file a cross-bill.

3. QUIETING TITLE ⬅39—CROSS-BILL—PERFORMANCE OF AGREEMENT.

Where respondent in statutory suit to quiet title seeks to have the title to an interest in the property decreed in him under an agreement between him and plaintiff for the joint purchase of the land and an accounting of the rents and profits received by complainant, he seeks for affirmative relief beyond the statutory issues, and a cross-bill for such relief was proper.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill to quiet title by R. A. Manning against W. D. Manning. From a decree sustaining demurrer to the cross-bill, defendant appeals. Reversed and remanded.

James D. Giles, of Gadsden, and Cooper & Cooper, of Huntsville, for appellant.

R. E. Smith, of Huntsville, for appellee.

McCLELLAN, J.   Appeal from a decree sustaining cross-respondent's (original complainant's) demurrer to the cross-bill by the appellant. The theory of the original bill is to invoke the statutory system (Code, § 5443) for quieting title, claims, etc., to land. It might be perfected in the further progress of the cause, as indicated in Pace v. Robertson Banking Co., 202 Ala. 343, 80 South. 425.

The original bill sets forth the source of complainant's (appellee's) title to the land in question, viz., through purchase of the fee from the American Freehold Land Mortgage Company, and calls upon the defendant (appellant) to propound his claim, etc. The answer of the defendant constituting a cross-bill, avers that he and the complainant together bought the land; that defendant paid one-half of the purchase money, except the sum of $62.50, which was paid or to be paid by the complainant; that it was agreed between them that the land should be equally divided, and the area each should have was agreed upon; that by and consistent with this agreement the title to the whole was taken in the name of the complainant, this to carry into effect the further engagement between them that the complainant should have "rents, use and enjoyment" of the half allotted by the agreement to respondent (cross-complainant) until the sum of $62.50 was paid; and that the complainant should account to the cross-complainant for proceeds of the rental or use in excess of the sum of $62.50 due from cross-complainant to the cross-respondent, less the taxes paid on this part of the land by the cross-respondent, the original complainant. The cross-bill prays the establishment of the cross-complainant's rights under the agreement stated; the enforcement and confirmation of the agreed partition, including the investment of the cross-complainant with the title to his half of the land; and an accounting between the parties. The demurrer to the cross-bill proceeded on the theory that the relief sought through the cross-bill could be had as well under the original bill—a statutory

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bill, to repeat, to quiet the original complainant's title.

[1, 2] A cross-bill will not be entertained where the party filing it can obtain full relief in the process of adjudicating the issues tendered by an original bill. Haralson v. Whitcomb, 75 South. 913, 914.[1] That rule is not applicable to this cross-bill. The statutory answer to a statutory bill to quiet title (Code, §§ 5443–5445) only brings under consideration and judgment the respondent's "right, title, interest in or incumbrance upon" the lands described in the bill. Vaughan v. Palmore, 176 Ala. 72, 74, 57 South. 488, following the like doctrine of Cheney v. Nathan, 110 Ala. 254, 265, 20 South. 99, 55 Am. St. Rep. 26; Jenkins v. Jonas Co., 138 Ala. 664, 35 South. 649, and others in that line. If the respondent to such a statutory bill desires affirmative relief—relief beyond that this statutory system contemplates—he must invoke the court's power through a cross-bill. Authorities supra.

[3] In this instance, the respondent seeks, through his cross-bill, the establishment and effectuation of rights consequent upon the contractual status and the acts described in the cross-bill. He would have the partition accomplished; the title to one-half of the land divested out of the original complainant and invested in the cross-complainant in consonance with the conditions stipulated in the agreement averred; and he would, as an incident to the jurisdiction thus invoked, have an accounting by the cross-respondent of the proceeds of the tenancy created and existing between the parties. The relief thus sought is affirmative in character (Bell v. McLaughlin, 183 Ala. 548, 62 South. 798), and a cross-bill was essential to obtain it. The full relief desired was not attainable under the statutory system the original bill invoked.

The demurrer, taking the sole objection indicated, was erroneously sustained. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.