(85 South. 797)

### DAVIS v. DANIELS. (4 Div. 881.)

(Supreme Court of Alabama. June 17, 1920.)

1. **Quieting title** ⊜⇒35(2)—**Bill need not allege absolute ownership by complainant.**

Under Code 1907, § 5443, bill to quiet title, alleging that complainant is in the peaceable possession of lands claiming to own them in his own right, was sufficient without an allegation of absolute ownership by complainant.

2. **Quieting title** ⊜⇒34(1)—**Bill showing equity not bad, though it contains special prayer to which complainant-is not entitled.**

That there was a special prayer in bill to quiet title to which complainant was not entitled did not render bill subject to general demurrer, testing its equity.

3. **Quieting title** ⊜⇒49—**Special prayer for injunctive relief will be disregarded by chancellor.**

Special prayer for injunctive relief in bill to quiet title under Code 1907, § 5443, will be disregarded by the chancellor.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Bill by Rosana Daniels against W. T. Davis, to quiet title to lands. From a decree overruling demurrers to the bill, the respondent appeals. Affirmed.

The substance of the pleadings sufficiently appear from the opinion of the court.

W. L. & R. S. Parks, of Troy, for appellant.

Counsel assert that in taking the appeal they do so with full knowledge of the holdings in 176 Ala. 72, 57 South. 488, 180 Ala. 231, 60 South. 823, and 190 Ala. 455, 67 South. 250; but in view of the decision in 143 Ala. 597, 42 South. 110, and the requirements of section 5444, Code 1907, the conclusion is reached that the allegation of ownership by the complainant is necessary to the right upon her part to invoke chancery jurisdiction. 142 Ala. 382, 38 South. 759; 143 Ala. 597, 42 South. 110.

John H. Wilkerson, of Troy, for appellee.

It is not necessary that the complainant have the title to the land. Section 5443, Code 1907; 157 Ala. 288, 47 South. 741. The allegations sought by the demurrer to ·be injected into the bill were not necessary. 176 Ala. 72, 57 South. 488; 143 Ala. 597, 42 South. 110; 173 Ala. 116, 55 South. 240; 115 Ala. 582, 22 South. 87; 149 Ala. 104, 43 South. 25. Injunctive relief prayed for failed to render the bill demurrable. 180 Ala. 231, 60 South. 823.

THOMAS, J. The bill prayed that respondent be perpetually enjoined from asserting any right, interest, or incumbrance in or to the lands in question adverse to the right therein of complainant. Demurrer thereto was overruled, appeal taken, and such ruling assigned as error. Several grounds of the demurrer are, that the bill fails to aver that complainant is the owner of the lands described in the bill, and alleges only a claim of ownership. The averment is made that "the complainant is in the peaceable possession of the following described lands,· claiming to own them in her own right," specifically describing the same. The further averments are made: (1) That complainant's title to said lands "is denied and disputed by the respondent, who claims to own the same, or some right, title, or interest therein, or to hold some lien or incumbrance thereon"; (2) that "no suit was pending between the complainant and respondent to enforce the validity of the said claim, title, or incumbrance of the said respondent"; and that complainant brings the suit (3) "to settle the title to all said lands and to clear up all doubts or disputes concerning the same"; and (4) calls upon said respondent to specify "his title, claim, interest, or incumbrance in and to the said lands, and how and by what instrument the same is derived and created." The prayer of the bill, appropriate to relief sought on facts averred, was for decree "that all title, claim, interest, or incumbrance set up to the said lands by the re-

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

spondent hereto are invalid, and that complainant's title hereto is clear of all doubts or disputes concerning the same, and that said respondent be perpetually enjoined from setting up or asserting any right, title, interest, or incumbrance in or to said lands, or any part thereof, adverse to the complainant," and for general relief.

[1] The bill is under the statute to quiet title to real estate, and its allegations conform to the requisites thereof. It was not necessary to allege an absolute ownership by complainant in the lands in controversy. Code, § 5443. It is sufficient to aver that complainant (1) is in the peaceable possession of lands, actual or constructive; (2) "claiming to own the same, in his own right or as personal representative or guardian" (Vaughan v. Palmore, 176 Ala. 72, 57 South. 488; Stacey v. Jones, 180 Ala. 231, 235, 60 South. 823; Adler v. Sullivan, 115 Ala. 582, 22 South. 87); (3) that his title thereto, or a part thereof, is denied or disputed; (4) by another person who claims or is reputed to own the same or a part thereof, or any interest therein, or to hold any lien or incumbrance thereon; (5) that no suit is pending to enforce or test the validity of such title, claim, or incumbrance; and (6) that such person or representative in possession as complainant may maintain a suit in equity to "settle the title to such lands, and to clear up all doubts or disputes concerning the same"—the title, interest or incumbrance, the subject of the pleading—between the parties to the bill. Code, § 5443; Carr v. Moore, 82 South. 473; [1] Manning v. Manning, 82 South. 436; [2] Welch v. Smith, 202 Ala. 402, 80 South. 375; Pace v. Robertson Banking Co., 202 Ala. 343, 80 South. 425; Kegley v. Rosser, 197 Ala. 109, 72 South. 381; Vidmer v. Lloyd, 193 Ala. 386, 69 South, 480, Ann. Cas. 1917A, 576; Smith v. Irvington Land Co., 190 Ala. 455, 459, 67 South. 250; Stacey v. Jones, supra.

The announcements in Vaughan v. Palmore, supra, Stacey v. Jones, supra, Smith v. Irvington Land Co., supra, and Rice v. Henderson-Boyd Lbr. Co., 197 Ala. 579, 73 South. 70, are in consonance with the statutory requirements of Code, § 5443.

The original statute "to compel the determination of claims to real estate in certain cases and to quiet the title to the same" was the act of December 10, 1892 (Gen. Acts, 1892–93, p. 42). Section 1 thereof became section 809 of the Code of 1896, as follows:

"When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, and his title thereto, or any part thereof, is denied or disputed. * * *"

This was amended by the act of August 6, 1907 (Gen. Acts 1907, p. 574, § 1), by the

[1] 203 Ala. 223.          [2] 203 Ala. 186.

addition, after the phrase "claiming to own the same," of the phrase "in his own right or as personal representative or guardian," and as so amended became section 5443 of the Code of 1907. In view of this amendment, the quantum of estate was of specific legislative consideration, and declared to be that a person in the peaceable possession of lands, whether actual or constructive, claiming to own the same in his own right or in a representative capacity as indicated, may maintain a suit in equity to quiet title, when the other statutory requisites are averred and proved.

The foregoing authorities were under the statute as amended. The case of Kendrick v. Colyar, 143 Ala. 597, 600, 42 South. 110, 111, was decided before the statute was amended as indicated. It is there said:

"It is not averred that complainant is the owner of the mineral interest which she claims to own. Objection was taken to the bill, by demurrer, on this ground, but the demurrer seems to have been abandoned. It was not submitted to the chancellor, and therefore not passed upon by him. Assuming this to be a defect in the bill, it is a mere irregularity, and was waived by an abandonment of the demurrer. While section 810 [Code 1896] requires the bill to allege 'ownership' of the land by the complainant, this is a matter of pleading, and is not a 'necessary allegation in order to bring into exercise the jurisdiction of the court, which is conferred by the preceding section. And where 'ownership' is averred the complainant is not put to proof of that fact by documentary evidence of title, but makes out a prima facie case by proof of possession, so as to cast upon the defendant the onus of showing his claim or right to the land."

We do not understand this decision to import that the demurrer to the bill in that case should have been sustained for lack of averment of ownership, but that, if it be conceded that the bill be defective, that demurrer had been waived. Be that as it may, if the foregoing expressions in the Kendrick Case are contrary to the holding, it was not "necessary to show ownership in fee, or other absolute ownership," to maintain the statutory bill. The same has been qualified or overruled by implication in this respect in Vaughan v. Palmore, supra; Whittaker v. Van Hoose, 157 Ala. 286, 288, 47 South. 741; Dunson v. Heun, 178 Ala. 152, 59 South. 54; Hooper v. Bankhead, 161 Ala. 523, 49 South. 858; Stacey v. Jones, supra, 180 Ala. 231, 60 South. 823; Smith v. Irvington Land Co., supra, 190 Ala. 460, 67 South. 250; Kinney v. Steiner Bros., 149 Ala. 104, 105, 43 South. 25; Wood Lbr. Co. v. Williams, 157 Ala. 73, 76, 47 South. 202.

[2] The fact that there was a special prayer in the bill to which complainant was not entitled would not render the bill subject to the general demurrer testing its equity. In Stacey v. Jones, supra, it was said:

"It is true that the special prayer of the bill is not exactly what the statute directs, but no objection was taken thereto; and if such had been taken it would not go to the equity of the bill. As was said by this court in Bledsoe v. Price, 132 Ala. 621, 625, 32 South. 325, 326: 'The nature and character of the bill must be determined from a consideration of the facts averred in it. And if, upon the facts stated, the bill has equity, the special prayer will not destroy that equity.' McDonnell & Co. v. Finch, 131 Ala. 85, 31 South. 594." Wilks v. Wilks, 176 Ala. 151, 159, 57 South. 776; Rosenau v. Powell, 173 Ala. 123, 55 South. 789.

[3] On the bill as constructed under the statute, the chancellor will disregard the special prayer for injunctive relief. Interstate B. & L. Asso. v. Stocks, 124 Ala. 109, 112, 27 South. 506; Fowler v. Ala. I. & S. Co., 154 Ala. 497, 45 South. 635.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.