(90 South. 897)

### BURKHALTER v. ALABAMA MINERAL LAND CO. (7 Div. 166.)

(Supreme Court of Alabama. Oct. 20, 1921.)

Quieting title ⬦==44(5)—Mere claim of title insufficient to disprove complainant's peaceable possession.

A mere claim of title or ownership is insufficient to rebut proof of peaceable posses-sion, actual or constructive, by the title holder of wild unclosed lands in a suit to quiet title under Code 1907, § 5443 et seq.

Appeal from Circuit Court, Cleburne County; Hugh D. Merrill, Special Judge.

Suit by the Alabama Mineral Land Company against G. G. Burkhalter. Decree for complainant, and respondent appeals. Affirmed.

Counsel agree that the only disputed question was whether the possession of complainant was peaceful and quiet, or whether it was an uncertain, scrambling possession.

Hugh Walker, of Anniston, for appellant.

Complainant must be in possession. Sections 5443, 5444, Code 1907. Possession must be peaceful, as contradistinguished from disputed or contested possession. 142 Ala. 486, 38 South. 242; 142 Ala. 490, 39 South. 162. The evidence does not disclose such possession. 162 Ala. 462, 50 South. 128; 155 Ala. 513, 46 South. 450; 144 Ala. 408, 39 South. 46; 128 Ala. 582, 30 South. 60.

Blackwell & Bibb, of Anniston, for appellee.

A dispute as to the right of possession is not sufficient to defeat the bill, but the possession itself must be disputed, scrambling, or contested, and there is nothing in the record to show that there was any dispute as to anything but the title or right of possession. 128 Ala. 579, 30 South. 60; 187 Ala. 314, 65 South. 774; 170 Ala. 289, 54 South. 415; 203 Ala. 223, 82 South. 473; 176 Ala. 138, 57 South. 706; 151 Ala. 180, 44 South. 198; 157 Ala. 73, 47 South. 202; 190 Ala. 455, 67 South. 250.

McCLELLAN, J. Bill filed by appellee against appellant to quiet title under the statutory system to that end (Code, § 5443 et seq.) to certain wild, unclosed mountain land. Complainant prevailed in the court below. It was admitted that complainant had title to the land described in the bill at the time the bill was filed and at the time of submission for decree. The evidence, in the main, was taken by oral examination of the witnesses before the court. The solicitors are agreed that the only question for review is whether there was any evidence going to discharge the complainant's burden to show that at the time the bill was filed complainant was in peaceable possession, actual or constructive, of the lands described in the bill. Code, § 5443. The trial court was justified in the conclusion that the complainant had discharged this burden of proof. The evidence for respondent (appellant) referred, almost entirely, to respondent's claim of title or ownership—a very different matter

---

⬦==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from such acts as are indicia of possession. Smith v. Irvington Land Co., 190 Ala. 455, 460, 67 South. 250, among others. The decisions cited on the brief hold nothing to the contrary, nor do they invite or require any other conclusion under the evidence.

The trial court saw and heard the witnesses. No reason appears for disturbing, on appeal, the conclusion there reached. 13 Mich. Ala. Dig. p. 168. The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.