(130 So. 780)

**THOMPSON v. LEYDEN et al.**

**7 Div. 959.**

Supreme Court of Alabama.

Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

S. W. Tate, of Anniston, for appellant.

82

Merrill, Jones & Whiteside, of Anniston, for appellees.

**THOMAS, J.**

The appeal seeks to review the action of the trial court in overruling demurrer to the cross-bill.

The original bill had for its purpose the removal of a cloud upon the title of real property. The respondent is called upon to set forth and specify her right, title, claim, interest, and incumbrance upon said land, "and how and by what instrument the same is derived and created." Complainant alleges that respondent has no such right, interest, or incumbrance upon said land, and prays that upon final hearing the court will decree that she owns the lands in fee simple, and, if mistaken in this, she prays for other and further and different relief as in equity and good conscience she is entitled, and "prays for general relief."

The ground of demurrer to the bill is that "there is no equity in said bill," and, the same being overruled, the bill was amended as to averment of the name of one of the parties respondent. There was an amended answer and cross-bill filed, alleging, among other things, that, if complainant has an interest in said lands, it "is only a life estate" which was acquired through a conveyance to her on August 28, 1928, by respondent Sam R. Leyden, which instrument is exhibited and attempts to convey the full title. It is averred that, at the time of the conveyance to complainant, grantor "owned only a life estate" and this respondent, Theodocia Leyden, "owns the remainder in said property" as alleged to be indicated in the deed from W. J. Edmondson to Sam R. Leyden of October 14, 1909, and exhibited. It is further averred that respondent Theodocia Leyden is "an only daughter and child of said grantor W. J. Edmondson; and Sam R. Leyden is the son of this respondent, and said Edmondson is now dead; that Sam R. Leyden and the complainant, Julia Erle (Leyden) were husband and wife at the time of the execution of said deed, they were since divorced, and complainant has since married Mr. Thompson, and they are now nonresidents; that Sam R. Leyden is a single man and has no children.

It is averred, of said lots specifically described, that complainant "has no right, title or interest in the same, except as is shown by copy of deed from respondent and her husband John P. Leyden, to Samuel R. Leyden, hereto attached and marked 'Exhibit C,' and leave of reference thereto as often as may be necessary is hereby prayed. * * * That since the filing of this suit, and the filing of respondent's answer and cross (bill) the mortgage set out and referred to in paragraph three of respondent's original answer and cross bill has been paid by the complainant."

The respondent to the cross-bill (original complainant) demurred to the cross-bill, and the same was overruled, and complainant was taxed with the costs and given twenty days in which to file her answer to said cross-bill and appeals.

It is proper, in a suit to quiet title under the statute, for the respondent to duly set up his claim or right by way of a cross-bill when he cannot obtain full relief under the issues tendered by the original bill, and have the title of complainant settled, and the affirmative relief prayed for by the decree "define the interest she (complainant) has in said land or tracts of land, and that the title to said land, and each tract thereof, be settled as between the parties," etc. Manning v. Manning, 203 Ala. 186, 82 So. 436; Davis v. Daniels, 204 Ala. 375, 85 So. 797; Smith v. Rhodes, 206 Ala. 460, 90 So. 349; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

If, from the language of the whole instrument or conveyance, the intent to create a conditional estate is unequivocal and clear, that expressed purpose will be given effect, unless to do so would offend the law and public policy of the state. Libby v. Winston, 207 Ala. 681, 93 So. 631; Wilson v. Alston, 122 Ala. 630, 25 So. 225. The intent of the party or parties will be sought in the entire instrument, and that expressed intent, when ascertained, if not contrary to law, will be given effect. Porter v. Henderson, 203 Ala. 312, 82 So. 668.

When the conveyance from Mr. Edmondson to Samuel R. Leyden is considered, and its express meaning of the limitation and statement of intention therein to the effect that "Sam R. Leyden, and the heirs of his body, as hereinafter provided, of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of $1.00 cash in hand paid, the receipt whereof is hereby acknowledged, and of the love and affection I hold for my grandson, the said Sam R. Leyden, it being my desire and intent hereby, to convey this land in the manner and form that it cannot be disposed of during the natural life of said Sam R. Leyden, hath granted, bargained, and sold, and do by these presents grant, bargain, sell and convey unto the said party of the second part, and his bodily heirs and assigns forever the following described real estate, viz: * * * My intent being that said land shall be the property of said Sam R. Leyden for and during the term of his natural life, only, then to the children or child of the said Sam R. Leyden, all situate in said Calhoun County, Alabama," it is intended to convey only an interest for life to said grantee, with remainder over after and at the termination of the life estate. The authorities are collected as to limitations over in Powell v. Pearson, 220 Ala. 247, 125 So. 39. See Bingham v. Sumner, 206 Ala. 266, 89 So. 479; Shuttle & Weaver Land & Improvement Co. v. Barker, 178 Ala. 372, 60 So. 157.

In Graves v. Wheeler, 180 Ala. 412, 416, 61 So. 341, 343, Mr. Chief Justice Anderson said, in construing a deed as to the nature, present and future estates, there dealt with, that: "'(It is also expressly understood that at the death of my said wife, all of the aforementioned property shall be equally divided between my lawful children).' This was a definition of the estate intended for the wife, and was not repugnant to the granting clause, which expressed no particular estate or interest granted to her, and plainly shows that the grantor intended that she should have only a life estate, with a remainder to his lawful children, and who took as purchasers under the deed."

This is sufficient to indicate that complainant could not get more than a life estate in said property under the conveyance to her by Sam R. Leyden, and, therefore, there was no error in overruling the demurrer to the cross-bill. This case is distinguished from Porter v. Henderson, supra, where it was the intent that the two children in life at date of the conveyance take a present interest, and where, as here, only a life estate was conveyed to the first grantee.

And this is aside from the condition for reverter contained in the deed from Theodocia Edmondson Leyden and John P. Leyden to Samuel R. Leyden, and the silence of the pleading as to the breach of said condition. The authorities as to reverter are to be found in Powell v. Pearson, supra, and need not be repeated.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.