145 So. 471

## LONG v. MONROE COUNTY BANK.
### 1 Div. 734.

Supreme Court of Alabama.
Jan. 12, 1933.

[1] Ante, p. 25.

C. L. Hybart, of Monroeville, for appellant.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellee.

## THOMAS, J.

This bill was for redemption from mortgages on lands and personal property, an accounting, and elimination of usury alleged to have been charged and carried therein. There was answer and cross-bill, and demurrer thereto was overruled.

In the answer and cross-bill it is averred, among other things, that "this respondent admits that complainant assumed the indebtedness due this respondent by J. C. Long, Sr., on or about April 24th, 1930, at which time he took a conveyance from the said J. C. Long, Sr., and his wife, to complainant, conveying that portion of said property then owned by the said J. C. Long, Sr.; but respondent says that the property thus acquired from the said J. C. Long, Sr., is not all the property conveyed to this respondent by the said complainant. This respondent further says that the indebtedness of the said J. C. Long, Sr., to this respondent, which was assumed by complainant, was not tainted with usury; but that it was a bona fide indebtedness, which was assumed by the complainant herein, with full knowledge of the character of the indebtedness, and of the amount then due and assumed by him. And respondent further says that in thus assuming the said indebtedness voluntarily with full knowledge of its character, and the amount thereof, the complainant estopped himself to later inquire into or to take advantage of any alleged usurious interest involved therein."

It is further averred in that pleading "that the greater portion of said real estate is subject to outstanding first mortgages evidencing unpaid indebtedness amounting to about thirty thousand and no/100 dollars ($30,000.00), payments upon which said first mortgages are now in default, and it will be necessary for respondent to pay past due installments thereon in order to prevent foreclosure of first mortgages; that the taxes upon said properties for 1931 are long past due and unpaid, and it will be necessary for respondent to pay said taxes in order to preserve said properties from sale for taxes; * * * that complainant is insolvent and will not be able to respond to any judgment against him that may be rendered by this court; and that the equity in the property covered by the mortgages in question is entirely inadequate to secure the payment of the indebtedness now due respondent by complainant; and that if complainant is permitted to further use the property involved herein for his own interest, or if he is permitted to further secrete and dispose of any property covered by said mortgages, or if the property is permitted to be wasted, destroyed or deteriorated in value, it will be to the great injury of respondent, and will result in still greater loss on the part of respondent than it has already sustained."

A receiver was prayed to take charge of all the properties involved in this suit, to manage, control, rent, handle, and preserve the same pending the litigation, and a reference is likewise asked to determine the just and true amount of the indebtedness, and that the mortgages be foreclosed, and for general relief.

The demurrers to the answer and cross-bill are that it does not contain equity; that the first mortgagees are not made parties; that it does not state any legal reason why usury may not be pleaded; that no ground of estoppel is shown to have existed to preclude such defense; that no sufficient grounds are shown for the appointment of a receiver; that there are no "allegations that Mrs. Rebecca M. Long is insolvent"; and that Mrs. Rebecca M. Long is not a necessary party to these proceedings.

The rules as to accounting are stated in Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186.

It is true this court has announced that a cross-bill will not be entertained, where the party filing the pleading can obtain full relief in the adjudication of the issues tendered by the original bill. Manning v. Manning, 203 Ala. 186, 82 So. 436; Thompson v. Leyden, 222 Ala. 81, 130 So. 780. In the answer and cross-bill, affirmative relief is sought on the averment that the mortgagor complainant is insolvent, and prayer for a re-

ceiver to protect and preserve the property for the superior liens, mortgages, and taxes, and to preserve, rent, and manage the property, real and personal, collect the income for the benefit of all parties in immediate interest, and for accounting, etc.

The fact that there were superior incumbrances, acknowledged and not sought to be affected by this suit, did not make such mortgagees necessary parties; their rights not being affected by the decree sought. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Fendley v. Smith, 217 Ala. 166, 115 So. 103; Whiteman v. Taber, 203 Ala. 496, 83 So. 595. And in Albritton v. Lott-Blackshear Commission Co., 167 Ala. 541, 52 So. 653, a second mortgagee was permitted to have a receiver to conserve the property where deterioration and practical waste was alleged. 26 A. L. R. 37, 61, 79, 80, note; Jackson v. Hooper & Nolen, 107 Ala. 634, 18 So. 254; Warren & Co. v. Pitts, 114 Ala. 65, 21 So. 494; Wildman v. Means, 208 Ala. 487, 94 So. 823.

The first mortgagee has his remedy unaffected by this suit. Federal Land Bank of New Orleans v. Wilson, 224 Ala. 491, 141 So. 539. In a case like this the court will not narrowly "scrutinize, for the mortgagor's benefit." Eslava v. Crampton, 61 Ala. 507, 515; Brasher v. Grayson, 217 Ala. 674, 117 So. 301, 303; Jackson v. Hooper & Nolen, supra.

The demurrer to the cross-bill as a whole need not be further considered than to say that there is equity in the respects indicated, and such ground is held properly overruled. Even though there may be merit in a demurrer directed and limited to a particular portion or phase of a cross-bill, "if the bill contains any equity, a general demurrer is properly overruled." City of Birmingham v. Coffman, 173 Ala. 213, 55 So. 500, Ann. Cas. 1914A, 887; 78 A. L. R. 206, note.

The fact that the wife of the mortgagor is before the court as a party respondent, to conclude her ultimate interest and her equity of redemption as the wife, and that she is not averred to be insolvent, does not militate against the right asserted against the mortgagor and his wife, Scott v. Jackson Securities & Investment Co. (Ala. Sup.) 142 So. 76, 77;[1] the wife was not a necessary party, though she was a proper party defendant, McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L. R. A. 470; Parker v. Ward, 224 Ala. 81, 139 So. 215; Butts v. Broughton, 72 Ala. 294.

The judgment of the circuit court in overruling the demurrer to the cross-bill is free from error, and that judgment is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

